KATIE THOMPSON ASHTON *vs.* SUSAN L. THOMPSON and another.

## October 4, 1881.

**Decision of Main Issue in Cause, and Order for Accounting—Motion for New Trial.**—In an action brought to set aside, on the ground of fraud and undue influence, a certain deed in the nature of a family settlement of an estate, and certain conveyances of property executed for the purpose of carrying out such settlement, and for an accounting for the property, and the income thereof received under such deed and conveyances, the court, by consent of parties, first tried the issues as to whether said deed of settlement and conveyances were obtained through fraud and undue influence, leaving the matter of accounting to be had thereafter, in case such accounting should, under the decision of the court, become necessary. Upon the issues thus tried, the court made and filed its findings that the deed and conveyances in question were obtained by undue influence, and were therefore void, and that plaintiff was entitled to judgment declaring them void, and for an accounting from defendant for the property received under such deed and conveyances, and ordering an accounting upon the basis fixed and determined by the findings. *Held,* that these findings are a "decision" within the meaning of Gen. St. 1878, *c.* 66, § 253, and that a motion to vacate the same, and for a new trial, may be made before the accounting ordered by the court is had.

**Refusal to Hear is in effect Denial of Motion for New Trial.**—A motion for a new trial having been made by defendant, plaintiff, at the hearing, objected to the motion being heard, on the ground that such motion could not be made at that time, because there had not been a "decision" within the meaning of the statute. The court made an order sustaining the objection, and refusing upon that ground to hear the motion. *Held,* that this was not a mere refusal on the part of the court to act, but was in effect a judicial order refusing a new trial, upon the legal grounds stated, and was therefore an appealable order.

Appeal by defendant Susan L. Thompson from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing to entertain her motion for a new trial. The case is stated in the opinion.

*Harvey Officer, H. J. Horn,* and *Gordon E. Cole,* for appellant.

*Frederick Allis* and *C. D. O'Brien,* for respondent.

The "decision" spoken of in Gen. St. 1878, *c.* 66, § 253, means a final decision. Powell on Appellate Proceedings, 367, 187, 188. It is the policy of the Code to allow only one appeal. *Swarthout* v. *Curtis,* 4 N. Y. 415; *Chouteau* v. *Rice,* 1 Minn. 97 (121;) *Berryhill* v. *McKee,* 3 Yerger, 156. A fair construction of the whole statute, together with that governing appeals (Gen. St. 1878, *c.* 86, § 10,) shows that the "decision" intended was one upon which a judgment could be entered enforceable at once by execution—a decision ordering a final judgment. *Stanton* v. *Miller,* 65 Barb. 58. This decision does not order a final judgment. A judgment entered now would have the character of a mere interlocutory order. *Hawke* v. *Deuel,* 2 Minn. 46 (58;) Burrill's Practice, 246; 3 Bl. Com. 397, 453; *The Palmyra,* 10 Wheat. 502; *Chace* v. *Vasquez,* 11 Wheat. 429; *Brown* v. *Swann,* 9 Pet. 1; *Barnard* v. *Gibson,* 7 How. 650; *Clarke* v. *Brooks,* 1 Abb. App. Cas. 355; *Bebee* v. *Russell,* 19 How. 283; *Farrelly* v. *Woodfolk,* 19 How. 288; *Berryhill* v. *McKee,* 3 Yerger, 156; *People* v. *Haws,* 34 Barb. 69; *Lawrence* v. *Farmers' Loan & Trust Co.,* 15 How. Pr. 57; *People* v. *Albany & S. R. Co.,* 5 Lans. 25; *Swarthout* v. *Curtis,* 4 N. Y. 415; *Smith* v. *Lewis,* 1 Daly, 452; *McMahon* v. *Allen,* 27 Barb. 335; *Deuel* v. *Hawke,* 2 Minn. 37 (50;) *Jenkins* v. *Wild,* 14 Wend. 539; *Bondurant* v. *Apperson,* 4 Met. (Ky.) 30. It will be noticed that in those cases which hold that a decree settling the rights of parties, and ordering an accounting is final, the accounting is merely a matter of clerical computation.

MITCHELL, J. The plaintiff is a daughter and one of the heirs-at-law of James E. Thompson, deceased. After she attained her majority and had settled with her guardians, she, on the 18th of October, 1876, conveyed and transferred to the defendant, her mother, her entire share and interest in her father's estate, including $6,482.95 cash. Subsequently, and on the 26th of June, 1877, having become

dissatisfied with this disposition of her property, she and defendant made and executed a deed of settlement of the matter, whereby defendant was to reconvey to plaintiff her original share in the estate, except the $6,482.95 cash, and release her right of dower in the real property, and the plaintiff was to release defendant from all claim for the income of the property while in her possession, and from all claim for said $6,482.95 cash, and also relinquish to defendant her interest (one-sixth) in the furniture in the homestead, and also pay her $3,000 cash. The terms of this settlement were fully executed by both parties.

The plaintiff, in substance, alleges that this conveyance and transfer of her property to defendant, in October, 1876, and also this deed of settlement of June, 1877, were brought about and procured by fraud, misrepresentation, and undue influence on the part of defendant, and she asks that they be set aside and cancelled, and that defendant be compelled to account for the income of the property while in her possession, and for the said sums of $6,482.95 and $3,000, and the value of plaintiff's share in the furniture in the homestead. The grounds upon which this relief was sought were denied by defendant's answer.

The cause having been brought on for trial by the court, the court, by consent of counsel, proceeded to try the question, "whether the plaintiff was entitled to an accounting, and whether the settlement of June, 1877, should be set aside, so as to pave the way for an accounting," leaving the matter of an accounting, in case one should, under the decision of the court, become necessary, to be tried afterwards. The trial proceeded on this basis, and the court made and filed its findings of fact and conclusions of law, to the effect—(1) That the deeds and bills of sale by which plaintiff had conveyed her property to her mother, October 18, 1876, were without consideration, and null and void; (2) that the settlement of June 26, 1877, and the conveyances executed to carry the same into effect, were obtained by undue influence and without consideration, except the release of defendant's right of dower, and were also null and void; and (3) that plaintiff was entitled to an accounting by defendant for the income of the property while in her possession, and for said sums of $6,482.95

and $3,000, and for the value of her interest in said furniture, and that Mrs. Thompson was entitled to an accounting for the value of her dower in the real estate—the value of which was fixed at $2,000 —and ordering judgment setting aside said conveyances and settlement, and directing an accounting in accordance with the findings, and that defendant pay plaintiff the amount found due on such accounting, with costs.

After this trial and the filing of these findings, the defendant moved for a new trial, upon the grounds that the findings were contrary to law and not justified by the evidence, and of errors of law occurring at the trial and duly excepted to. This motion having come up for argument, the plaintiff objected to its being heard, on the ground that the decision of the court was merely interlocutory, and not such a decision as is intended by Gen. St. 1878, c. 66, § 253. After argument, the court "ordered that plaintiff's said objections to the hearing of defendant's motion be and the same are hereby sustained, and that the court, upon said ground of objection, refuse to hear the said motion of said defendant." From this order the defendant appeals.

The first question to be considered is whether this is an appealable order. Plaintiff's contention is that it is not an order refusing a new trial, nor an order of any kind, in the legal sense of the word, but simply a refusal of the court to act; and hence that the case comes within the rule laid down in *Mayall* v. *Burke*, 10 Minn. 224 (285.) We do not think the case cited analogous to the case at bar. Although in form a refusal to hear the motion, in effect it denied the motion, upon the ground that the defendant had no right to make it at that stage of the case. This decision involved the exercise of judicial functions in construing a statute—a question properly before the court. Such an order is, in effect, an order denying a new trial, and is therefore appealable. *Warden* v. *Mendocino Co.*, 32 Cal. 655.

The only remaining question is also one of practice, viz., whether these findings of the court in this case constitute a "decision," within the meaning of Gen. St. 1878, c. 66, § 253, which provides that "a verdict, report or decision may be vacated, and a new trial granted, on the application of the party aggrieved." Plaintiff's position is

that this refers only to a *final decision*—that is, one which fully and finally disposes of all the rights of the parties, and upon which final judgment can be entered; that inasmuch as this decision retains the case for further hearing for the purpose of taking an accounting, it is not a final but only an interlocutory decision, upon which no final judgment can be entered, and therefore no motion for a new trial would lie at that stage of the case. Having assumed this as a premise, counsel enter exhaustively and with great ability into a consideration of the question, what would be a final judgment? The question is a very nice one, the decision of which is often attended with much difficulty, the authorities themselves not being always in harmony with each other. But we do not deem it necessary to decide whether the decision in this case is one upon which final judgment might be entered. The question before us is simply one of practice —whether, under our statute, this is a decision upon which a motion for a new trial will lie? The question never having been heretofore passed upon by this court, we feel at liberty to adopt such reasonable construction of the statute as will operate most conveniently in practice.

In equity cases, as in the present, there are usually certain main issues, the determination of which establishes the principle of the case and is decisive of the rights of the parties, all other questions being merely dependent upon and ancillary to these main issues. The decision of these main issues first may render the consideration of the other questions unnecessary, or at least determine what other questions it will be necessary to consider, and the basis upon which they are to be determined. Take the present case, for illustration. The right of plaintiff to an accounting by defendant depended wholly upon the question whether these conveyances and deed of settlement were null or valid. If valid, no accounting would be necessary. If void, a decision on the main issues was necessary, or at least desirable, before an accounting was gone into, in order to determine the matters as to which an accounting should be had. It was, therefore, entirely proper for the court to adopt the course pursued in the trial of this case, and to try and determine first the main issues which were decisive of the rights of the parties, leaving the matter of an

accounting, if necessary, to be determined afterwards. The issues tried and decided covered all the issues in the case that were decisive of the principles to govern the rights of the parties, and the matter of the accounting was merely ancillary; and we think the findings of the court on these main issues constituted a "decision," within the meaning of the statute. Suppose the court had ordered issues to be made up, and these questions submitted to a jury, as it had a perfect right to do, would it be claimed that the court would be compelled to proceed with the accounting before a motion could be made for a new trial and to vacate the verdict? Certainly, such a practice would at least be very inconvenient. There is no difference in principle whether these issues were submitted to a jury or tried by the court. As respects the result of the trial, the verdict of the jury and the finding of a court stand on the same footing.

The provisions for new trials, enacted with reference to all classes of civil actions, including what were known as actions at law and suits in equity, place all findings upon issues of fact upon the same footing, without regard to the nature of the action, and without discrimination in any respect. It is declared that any verdict, report or decision may be reached, and a new trial granted. *Marvin* v. *Dutcher*, 26 Minn. 391. We are clearly of opinion that, when any issue or issues under the pleadings are tried and submitted, and decided by the court, this is a "decision," upon the making of which a motion may be made to vacate and for a new trial. Any other practice would result in one of two things: either the court would be compelled to hear the evidence upon all dependent or ancillary questions at the same time with the main issues, although the decision of the latter would determine the principle of the case, and might render the consideration of the other questions unnecessary; or, if it heard and decided the main issues first, it must proceed to hear and determine all the other matters before there could be any review of the decision first made, however manifest it might be that it was erroneous, and therefore all subsequent labor useless.

It is urged that the practice we suggest would enable a party to stop the trial of a case upon any adverse ruling of the court made

during the progress of the trial, and move for a new trial. This suggestion is without foundation. To constitute a "decision," within the meaning of the statute, it must be a *final* decision of the court upon an issue or issues under the pleadings. It is also suggested that this practice would lead to an inconvenient splitting or division of the trial of causes, and to a multiplicity of appeals in the same action. We fail to see any ground for apprehension on this point. This matter is within the control of the trial court. The practice of splitting the trial of a case is, as a general rule, not to be favored. Ordinarily, at least, all the main issues decisive of the principle of a, case should be tried together, and it is not to be presumed that a court would ordinarily allow any division of the trial that would separate the trial of such main issues. The practice of thus dividing the trial would usually only be adopted in cases like the present, where there were some matters, such as an accounting, which are dependent on and subservient to the main issues. To leave these for subsequent consideration is a convenient practice, and one entirely in accord with the long-established mode of trying equity cases. But the order in which the issues in equitable actions should be tried, must, to a considerable extent, be left to the discretion of the trial court, and when, for any good and sufficient reason, the trial of a cause is divided, and the court hears and determines any issue in the cause, and renders its final decision thereon, a motion will lie to vacate it, and for a new trial.

In the case of *Jones* v. *Wilder*, involving the question now under consideration, decided by the district court of Ramsey county and cited by counsel, reference is made in the opinion of that court to the fact that in New York no motion for a new trial could be made in case of any interlocutory decision until the statute was amended in 1867. And it seems to have been assumed that the statute of New York, prior to that date, was the same as our own. The fact is that in that state, prior to 1867, a motion for a new trial could only be made after trial by jury; but in cases tried by the court, a party's only remedy was by appeal; and as an appeal (at least to the court of appeals) could only be taken from final judgment, they found them-

selves involved in the same inconvenient practice which plaintiff claims should obtain in this state. The amendment of 1867 in New York merely permitted a motion for a new trial in case of an interlocutory decision upon which no final judgment could be entered. Where the decision is one upon which a final judgment can be entered, no motion for a new trial can yet be made in that state. A party's only remedy in such a case still is appeal from the judgment. Our statute is entirely different. It places a report or decision on the same footing as the verdict of a jury.

We are, therefore, of opinion that defendant's motion for a new trial was properly made, and should have been heard and decided on its merits by the court below. But as that court did not pass upon the merits of the motion, this court will not consider them, but simply reverse the order appealed from, and remand the cause, with directions to entertain the motion.

Order appealed from reversed, and cause remanded, with instructions to hear the motion upon its merits.