### CINCINNATI (CITY) v. JOHN KILGOUR.

**Bill of Exceptions Filed More Than Forty Days after Motion for a New Trial Stricken From Files.**

A motion for new trial being, under R. S. 5307 (Gen. Code 11578), made within three days after the announcement by the court of its conclusion upon the issues joined, a bill of exceptions, filed more than forty days after the overruling of such motion, is too late and will on motion be stricken from the files under R. S. 5301 (Gen. Code 11564).

ERROR to common pleas court.

*Charles F. Hornberger,* assistant city solicitor, for plaintiff in error.

*Burch & Johnson,* for defendant in error.

**GIFFEN, P. J.**

This case was submitted upon a motion to strike the bill of exceptions from the files because not filed within forty days from the overruling of the motions for a new trial.

Two motions for a new trial were made, one within three days from the oral decision by the court, the other within three days from the entry of judgment, both being overruled.

Cincinnati v. Kilgour.

R. S. 5307 (Gen. Code 11578) provides that a motion for a new trial "shall be made within three days after the verdict or decision is rendered."

The word decision is here used as the means of expressing the finding or conclusion of the court in a case submitted without the intervention of a jury, just as the verdict conveys the finding of a jury. In each case the finding is suspended by the application for a new trial, and where the motion for a new trial is overruled, a judgment is entered upon the journal as the final determination of the case. Both the verdict by a jury and the decision of a court are subject to review, before judgment is entered, each being treated as a preliminary determination of the issues in the case. As said by Spear, C. J., in the case of *Coe* v. *Erb*, 59 Ohio St. 259, 263 [52 N. E. Rep. 640; 69 Am. St. Rep. 764]:

"The requirement that all judgments must be entered on the journal carries the implication that until that is done the judgment is inchoate only; it is incomplete. Though possessing the character of potentiality, it lacks the character of actuality, and hence is without probative force."

It seems proper therefore that, before it is given such probative force, the application for a new trial should be heard and determined, and we think the legislature used the word decision advisedly, and intended to thereby distinguish the announcement by the court of its conclusion from the judgment as evidenced by journal entry. This view is supported by the cases of *Ashton* v. *Thompson*, 28 Minn. 334, 335 [9 N. W. Rep. 876]; *Evansville Ry.* v. *Maddux*, 134 Ind. 573 [33 N. W. Rep. 345], and other cases collected in 9 Enc. Law, 2 and 3.

It follows therefore that the bill of exceptions should have been filed within the statutory period after the first motion for a new trial was overruled.

Motion sustained.

**Smith** and **Swing, JJ.,** concur.