## EXUM LUTER v. JOHN W. ROSE.

A judgment of the District Court on appeal from a Justice's Court, under the Republic, to the effect "that the judgment of the Court below be affirmed, with ten per cent damages and stay of execution three months, per agreement of parties," was held to be sufficiently certain to sustain a sale under execution issued thereon.

There was nothing in the Constitution of the Republic, which prevented the allowance of an appeal from the judgment of a Justice's Court to the District Court.

The decision in *Howard v. North,* 5 Tex. R. 290, to the effect that the Sheriff's sale in that case was bad, on the ground that a tract of land was levied on and appraised at so much per acre, and part only was sold, is inapplicable to sales without appraisement.

Appeal from Victoria. This was a suit for partition of land. The plaintiff claimed title under a Sheriff's sale. The judgment, execution and deed were excluded on the ground that the judgment was null and void; and the defendant had judgment.

It appeared by the statement of facts, that the plaintiff offered in evidence a transcript of a suit in a Justice's Court, in which there was judgment for the plaintiff for seventy-three dollars and costs of suit; appeal to District Court, June 29th, 1843, where there was judgment April 6th, 1844, as follows: "In this case it is ordered that the judgment of the Court be-"low be affirmed with ten per cent damages and stay of exe-"cution three months, per agreement of parties." To which the defendant objected on the ground that said judgment was null and void, and the Court sustained the objection; to which the plaintiff excepted.

The plaintiff then offered the execution thereon, endorsed to sell without appraisement; levied on the undivided half of the league of land in question; advertised to sell the same "or "so much thereof as may be necessary to satisfy said execution

"and costs;" and returned sold eleven hundred and forty-seven 1-19 acres to the plaintiff in execution, at nine and a half cents per acre, which covered the principal, interest and costs.

To which the defendant objected on the ground of the nullity of the judgment. The Court sustained the objection and plaintiff excepted.

Same objection was sustained to the Sheriff's deed, and to the deed from the purchaser to the plaintiff in this suit. The deed conveyed undivided eleven hundred and forty-seven 1-19 acres.

The plaintiff had previously shown title in the defendant in execution.

*W. S. Glass* and *Phillips & Phillips*, for appellant.

*A. S. Cunningham*, for appellee.

WHEELER, J. The question is as to the validity of the judgment under which the plaintiff claims to have derived title. It is not, it must be admitted, as full and formal as it might have been, or as a correct practice would require. But it is not, therefore, necessarily void. Though it does not specify the sum for which it was rendered, yet that may be readily ascertained by reference to the judgment of the Justice, which was before the Court when it gave judgment, and remains there of record; and though it is not in itself, certain as to the amount, it may thus be rendered certain. And it has been expressly decided, that a judgment of affirmance, not stating the amount, is sufficiently certain, if it can be made certain by reference to the original judgment. (Benedict v. Dillenhunt, 3 Scam. 287.) So also it has been decided that a judgment entered, "that the "plaintiff recover of the defendant according to specialty, with "six per cent interest and costs," on a verdict, "for the plain-"tiff according to specialty, with six per cent interest," the

*ad damnum* being left blank in the declaration, but laid in the writ, is valid. (Malone v. Donally, Minor, 12.) And in Lewis v. Smith, (2 Serg. and R. 142,) the Supreme Court of Pennsylvania held that, upon a confession of judgment, if the plaintiff's demand is in the nature of a debt, which may be ascertained by calculation, it is sufficient to enter judgment generally, without stating the sum. Chief Justice Tilghman said : "The judgment was entered in the way very usual in this "Court in actions on the case : that is to say, the prothono- "tary entered in the docket *judgment*, without mentioning for "what sum. Inconveniences frequently arise from our loose "practice ; but the practice of every Court is justly said to be "the law of the Court ; and we should produce much greater "evils than those we wished to prevent, should we attempt "now to destroy past judgments, because they were not en- "tered in a manner so accurate as they might have been."— "I take it, that where judgments are confessed, (as appears to "be the case in Fuller v. Fitzsimmons,) if the plaintiff's de- "mand is in the nature of a debt, which may be ascertained "by calculation, whether it arise on a note or other writing, "or on an account, it is sufficient to enter *judgment generally.*" Other authorities to the same effect might be cited, showing the great liberality with which the proceedings and judgments of the Courts of original jurisdiction have been construed.— But these references will suffice to show that the present judgment is not less certain, than those which have been held by Courts in other States, not to be void for uncertainty. It was entered by agreement ; and is, in effect, a judgment by confession, with a direct reference to the judgment of the Justice ; from which it may be seen with certainty, for what amount it was confessed and rendered.

The practice of thus entering judgments, in cases appealed from the Justice's Courts, is believed to have been not unusual. It was a loose practice, which is to be deprecated : and the more so, as the trial in the District Court was *de novo :*

and the execution issued from that Court.    But if the records and judgments of the Courts, when thus brought collaterally in question, were to be deemed void for the want of form, it is impossible to say to what extent rights would be affected.— All that can be deemed essential, is, that the requirements of the law shall have been substantially observed, so that the proceeding be not a nullity.    And we are warranted by precedent and authority in holding, that the judgment in question was not void for the want of certainty.

It is objected that the judgment was void for the want of jurisdiction in the District Court to entertain the appeal ; and it is supposed to come within the principle of the case of Titus v. Latimer, (5 Tex. R. 433.)    The contrary, however, has been expressly decided, where, as in this case, the appeal was taken before the adoption of the State Constitution.    (Sasse v. Schmidt, 6 Tex. R. 144, 147.)

It is further contended that the sale was void, and the execution and Sheriff's deed were rightly excluded by the Court, because less land was sold, than was levied on, by the officer : and this objection to the validity of the sale, is supposed to be supported by the decision of this Court in the case of Howard v. North, (5 Tex. R. 290.)    But, it is to be observed, the sale, in that case, was under the provision of the statute which required appraisement : and the opinion and judgment of the Court were based upon the terms and requirements of that provision.    (Id. 312 *et seq.*)  Here the property was sold under a different provision of the statute, which did not require appraisement : and the reasoning and decision of the Court upon that point, in the case of Howard v. North, has no application to the present case.    The evidence was excluded on the ground of the supposed nullity of the judgment : and we are of opinion that the Court erred in its rejection ; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.