COLIN FORBES AND OTHERS V. ENOCH MOORE.

1—See the opinion in this case on the subject of the degree of certainty requisite in making descriptive allegations in an action of trespass *de bonis asportatis.*

2—The petition charged the defendants with carrying away "forty-six head of cattle, three yoke of work oxen, three American mares," and certain other live stock and articles described by number and kind, together with "all the farming utensils, household and kitchen furniture belonging to petitioner," and laid the aggregate value of the whole property at $2000. *Held,* that the petition did not contain a "full and clear statement of the cause of action," and that an exception to it for insufficiency should have been sustained.

3—An averment that the plaintiff had labored under mental disability and temporary insanity was sufficient, if sustained by the proof, to prevent the statute of limitation from running against him so long as such disability subsisted.

4—A married woman, during the insanity of her husband, is the head of the family, and has a legal right to dispose of so much of the community property as may be necessary to the support of herself and their children; and if there be no community property, she has the right, to the same extent, to dispose of her husband's separate property.

5—The husband, on recovering his faculties, can not recover against the agents of the wife the value of such property, disposed of by them under the wife's authority for the support of the family during the insanity of the husband, unless the agents unnecessarily squandered the property.

ERROR from Karnes. Tried below before the Hon. B. F. Neal.

The facts sufficiently appear in the opinion of the court.

*F. Fauntleroy* and *J. S. Givens,* for the plaintiffs in error, cited Cheek v. Bellows, 17 Texas R., 613, and Wright v. Hays, 10 Texas R., 131.

*L. S. Lawhon* and *A. R. Lane*, for the defendant in error. *Chandler, Turner & Carleton*, on the same side.

MORRILL, C. J.—On the 26th of February, 1861, Moore instituted suit against Colin Forbes, John A. Forbes, Lorenz D. Puckett, and his own wife, Cynthia J. Moore, to recover damages for taking from the possession of plaintiff his property, consisting of horses, cattle, sheep, goats, wagons, farming utensils, household and kitchen furniture, of the value of two thousand dollars. The time of the alleged trespass was the fall of the year 1856. In April, 1864, plaintiff amended his petition by stating that about the time the defendants committed the trespasses, the plaintiff was laboring under temporary derangement of mind, caused by severe illness, and that said temporary derangement continued until a short time before the commencement of the suit; and alleged his damages to be ten thousand dollars. On the same day the cause was tried in the District Court, when plaintiff dismissed the suit against his wife, and recovered a judgment by default against the other defendants for two thousand dollars, the value of the property, and the further sum of seven thousand dollars damages. In May, 1864, the defendants petitioned for an injunction of the judgment, alleging as causes that it was agreed by the attorneys of both parties that the cause would not be tried, and also that it was tried contrary to the laws called the stay laws then in force, as well as for other causes therein stated. The injunction was granted, and the cause reinstated on the docket.

On the 19th of April, 1865, the District Court perpetuated the injunction, and quashed the citation and service of the same on defendants, whereupon alias citations were issued and served; and in April, 1866, defendants filed answers, excepting to the sufficiency of the petition, setting up limitation, as well as a general denial. Judgment was rendered for plaintiff for two thousand five hundred and seventy dollars.

The case is brought to this court by the defendants on appeal,

and the errors assigned are: first, the refusal of the court to sustain the exceptions to plaintiffs' petition, because of its vagueness; second, because the cause is barred by the act of limitations; third, the charge to the jury.

We shall take up these assigned errors in the order stated.

The Congress of the Republic of Texas, after having adopted " the common law of England as the rule of decision in this Republic," passed another act, providing " that the adoption of the common law shall not be construed to adopt the common law system of pleading, but the proceedings in all civil suits shall, as heretofore, be conducted by petition and answer." (Hartley, Art. 128.)

The acts of the Legislature provide the requisites of a petition, that it " shall set forth clearly the names of the parties, and their residence, if known, with a full and clear statement of the cause of action, and such other allegations pertinent to the cause, as he may deem necessary to sustain the suit; and also a full statement of the nature of the relief he requests of the court." Does the petition in this case contain a full and clear statement of the cause of action? The petition, in describing the cause of action, is as follows: " Petitioner alleges that the said defendants carried away from his said premises forty-six head of cattle, three yoke of work-oxen, three American mares, one American colt, one three-year old horse, three Spanish mares, twelve head of sheep, fifteen head of goats, one two-horse wagon, and all the farming utensils, household and kitchen furniture belonging to petitioner, besides a great many articles of which petitioner can get no account—all of the value of two thousand dollars." In order that a jury might be enabled to arrive at a just and fair verdict, they must be informed particularly of the kind · and quality of property taken; or, in the language of the statute, there should be a "full and clear statement" of it. The value of three American mares may be three dollars or three thousand; the household and kitchen furniture of a man may be worth any conceivable sum; and the mere statement that all his fur-

niture was taken, conveys no more definite idea of its value than if the statement were that all his money, railroad stock, or bonds, had been taken. The property, as described, may have been worth one hundred or ten thousand dollars, and a jury could form no correct idea of its value, because the petition did not set forth " a full and clear statement of the cause of action."

We would not be understood to require that the petition should contain the formulas of a system of pleading that was never introduced into our jurisprudence by statute, or that the petition should contain a multitude of words and repetitions. A full and clear statement of the size, age and qualities of the several animals mentioned in the petition, as well as a clear description of the farming and other utensils, could, very appropriately, have been substituted for what is contained in the petition, which has no reference to " the names and residence of the parties, the full and clear statement of the cause of action, or a full statement of the relief requested of the court."

The defendant especially excepted to the petition, because it was " informal, loose, vague, indefinite and insufficient," and the exception ought to have been sustained.

Another exception to the cause of action was that it was barred by limitation. As the offense charged took place in 1856 and the petition was not filed till 1861, and as the statute prescribes two years as the limit within which to bring the suit, the exception would necessarily be sustained, unless the plaintiff formed one of the exceptions to the general law. This, however, he sets up.

It is alleged in the petition that plaintiff was laboring under mental disability and temporary insanity until the 10th of May, 1859, and was unable thereby to bring his suit. If this allegation be substantiated by testimony, the defense of limitation will not lie. But this fact would have a direct tendency to show that the plaintiff's cause of action is liable to criticism and exceptions. The facts in this case show that at the time

of the taking the property from the county of Hays to the county of Karnes, the father of the wife of plaintiff, learning his mental condition, and that she, the daughter and wife, was about to be confined, removed the wife and five children of plaintiff, as well as his personal property, to his own house in Karnes county, in order that the wife might be cared for during her confinement, and the children be supported and the property protected. That plaintiff, during the next three years, or thereabouts, as he admits in his petition, was a lunatic. Where should she go during this period of double anxiety and trouble, but to the house of her father and mother? And who but the wife has the power to take care of and provide for the wants of those common children, during the insanity of the father?

During the insanity of the husband, the wife is the head of the family, and as such head has the legal right to dispose of so much of the common property of husband and wife, or in case there be none, of the separate property of the husband, as may be necessary to supply the wants of herself and his and her children. (See Wright v. Hays, 10 Tex., 180.) The charge of the judge as well as the verdict of the jury, and in fact the entire management of the case in the District Court, seem to be oblivious of these principles of law so lucidly stated by Chief Justice Hemphill, more than fifteen years ago, in the case above referred to.

The act of the plaintiff in making his own wife a party defendant to the suit, is an error no more obvious and apparent than the attempt to hold the father and other relatives of the wife responsible for the property necessarily expended by the wife for the support of herself and children during his insanity. Whether there was an unnecessary squandering of the property by the agents of the wife during this unhappy period, may be a question for future adjudication, as in that case and to that extent the defendants may be liable in damages. The case will be reversed, with liberty to the parties to amend their pleadings so that the proper questions may receive adjudication.

The brief of the defendant in error is mainly devoted to the errors of the judge in granting and perpetuating the injunction on the first judgment. But as the plaintiff below did not legally bring those supposed errors before this court, we have no jurisdiction therein, and therefore express no opinion.

Reversed and remanded.

CALDWELL, J., dissented.