Opinion by
Willson, J.
§ 177. Application for continuance; refusal of noirevisable without bill of exceptions. The ruling of the trial court, refusing an application for a continuance, will not be considered in the appellate court, unless the same be presented by proper bill of exceptions. [Rule 55 for Dist. Courts; R. R. Co. v. McAlister, 59 Tex. 349.]
■§ 178. Petition; name of plaintiff. The name of the plaintiff must be stated in the petition. [R. S. art. 1195.] If incorrectly stated the defect cannot be reached by exceptions, but must be availed of by a plea in abatement. [Sayles & Bassett’s PI. & Pr. § 27.]
§ 17 9. Same; ownership; allegation of. In action for the conversion of personal property, it is not necessary for the plaintiff to allege how he became owner of the property, or that he paid a valuable consideration for it. It is sufficient for him to allege that he is the owner of it, without deraigning his title thereto, or stating the facts which constitute him such owner. And under such general averment of ownership he may prove his title to the property. [Abbott’s Tr. Ev. p. 623.]
§ 180. Same; value; allegation of. In such an action, it is not essential that the petition state tho aggregate value of the several articles of property sued for. It is proper to state the value of each article separately. From these separate values, it is a matter of simple calculation to arrive at the value of the whole. The maxim, id cerium est, quod cerium reddi potest, is here applicable. [Forbes v. Moore, 32 Tex. 195.]
§181. Identity of property sued for must be proved. In an action to recover personal property^ it is incumbent on the plaintiff to prove his title to the particular property described in his petition, and that the defendant has possession of this identical property.
*153 April 30, 1884.
■■ § 182. Same; insufficient evidence of. In this case plaintiffs particularly described the property sued for, and claimed ownership of the same by virtue of a purchase of it at a sale made under a deed of trust, and read in evidence the deed 'of trust, which described the property therein conveyed thus: ‘‘‘The saloon situated in the city of Dallas, on the corner of Lamar and Pacific avenue, known as the Wichita Saloon, including the fixtures, bar furniture, wines, liquors, cigars and merchandise on hand.” The description of the property sued for, contained in the petition, did not correspond with and identify the property described in the deed of trust, nor was there any evidence proving that it was the same property, nor that the defendant ever had possession of the property described in the petition. Held, that the verdict in favor of the plaintiffs was not supported by the evidence.
§ 188. Evidence; proof of existence of deed by parol. It was not error to permit a witness to testify that he wrote a certain deed, he not stating the contents thereof. Even if the witness had testified as to the contents of the deed, the error would be immaterial, because the deed itself was afterwards read in evidence, and supplied the place of any parol testimony in relation to it.
§ 184. Same; deed of trust; objections to, as evidence, not well taken. The objections to the deed of trust as evidence were that it did not sufficiently describe the property in controversy, and did not identify it as the property sued for. While the ground of objection might have been good on a motion to exclude the deed because of a failure to connect the property therein described with that sued for, it was not good when urged against its admissibility, because such objection might have been obviated by testimony identifying the property named in the deed with that described in the petition.
Reversed and remanded.