## Dennis Kane et al. v. O. R. Sholars et al.

Decided December 13, 1905.

**1.—Depositions—Delay in Return by Officer.**

The officer who took a deposition delayed returning them for six months after taking. The opposite party, however, was not prejudiced by the delay, nor was the party propounding the interrogatories responsible for it. Held, the motion to suppress because of such delay was properly overruled.

**2.—Names—Discrepancy.**

A grantee was designated as "Nathan Cordrey" in the patent. In a power of attorney to sell said land the patentee was designated as "N. C. Cordrey." Held, immaterial discrepancy.

**3.—Power of Attorney—Warranty.**

A power of attorney only authorized the agent to convey by quitclaim. The agent conveyed by deed with covenant of special warranty. The deed was valid to the extent of the agent's authority, and conveyed the land so far as his principal could do so.

**4.—Deed—Description of Land.**

A deed described land conveyed by metes and bounds, and further described it generally as all of the land not sold by the patentee or his heirs. Because of the definite description by boundaries, it was not necessary, in order to identify the land conveyed, to prove what part of the survey had been sold.

**5.—Certificate of Acknowledgment.**

A grantor executed a deed for himself, and as survivor of the community, but signed and acknowledged it individually. Held sufficient.

**6.—Same.**

The grantor was named in the body of the deed, and signed the same as *S. W. Sholars*. The certificate of acknowledgment named him as *S. W. Sholars, Sr.* The notary certified that the party who acknowledged the deed was the same who executed it. Held sufficient.

**7.—Same.**

A notary signed a certificate simply as "Notary Public," without designation of the State and county for which he was notary, the State and county for which he was notary being shown in the body of the certificate. Held sufficient.

**8.—Same.**

There were two grantors in a deed. The notary certifies that they appeared "and acknowledged that *he* executed the instrument for the purposes," etc. This objection to the deed as a recorded instrument would have been good if made in the trial court, but can not be considered when made for the first time on appeal.

**9.—Limitation—Adverse Holding.**

Facts considered, and held to show adverse holding for ten years.

**10.—Deed—Reservations.**

A person claiming under a deed conveying a tract of land with exceptions or reservations must show that the land claimed by him is not embraced within the excepted portions, if the deed itself does not clearly show it.

Appeal from the District Court of Orange County. Tried below before Hon. W. P. Nicks.

*Stark & Poole* and *James & Yeiser,* for appellants.—The statute of this State prescribing the duties of a notary public in taking and returning the depositions of a witness requires the notary to summon the witness before him forthwith and to take his answers and return them without delay to the court from 'which the commission issued, and where it appears from the certificate of a notary to a deposition that the answers of the witness were made before him nearly six months before they were returned by said notary into court, such deposition will be suppressed upon motion properly presented. Rev. Stats., art. 2280; Laird v. Ivens, 45 Texas, 621; Gardner v. Cutlet, 28 Texas, 182; Rice v. Ward, 93 Texas, 536; Barber v. Geer, 63 S. W. Rep., 1009.

A power of attorney authorizing the attorney to sell a certain tract of land without describing the same by survey number, or patent number, and only giving its location as "beginning on the west line of a tract of land sold by N. C. Cordrey to W. D. Smith, the same being the northeast corner of the town of Madison; thence on the line of Grandview Street, 104th Street; thence on said street south to the Sabine River; thence down said Sabine River to the southwest corner of said tract, granted to said Cordrey; thence on the south line of said survey west of the southwest corner in Adams Bayou and Marsh; thence meandering up said bayou and marsh on the line of the original survey to the northwest corner of said original tract of land, east of the lands previously sold by said Cordrey from this tract; thence meandering the lines of the lands so sold south to the place of beginning; to contain all the lands contained in said Cordrey, and not heretofore sold by N. C. Cordrey, deceased, or his heirs or assigns, be the same more or less," is insufficient to authorize the conveyance of lots 7 and 8 and 14 in block A. 8 of the Sheldon Survey of the city of Orange in Orange County, Texas; there being no other competent evidence to identify said lots as being a part of the land attempted to be described in said power of attorney. Blume v. Rice, 12 Texas Civ. App., 4; McKinzie v. Stafford, 8 Texas Civ. App., 121; Wofford v. McKinna, 23 Texas, 36; Norris v. Hunt, 51 Texas, 609; Douthit v. Robinson, 55 Texas, 74; Myers v. Maverich, 27 S. W. Rep., 952; Kingston v. Pickins, 46 Texas, 101; Crumbley v. Buse, 11 Texas Civ. App., 323; Pierson v. Sanger, 51 S. W. Rep., 870; Ellis v. Le Bow, 5 Texas Ct. Rep., 892; Stipe v. Shirley, 64 S. W. Rep., 1014; Catlett v. Starr, 70 Texas, 488; Coker v. Roberts, 71 Texas, 602; Munnink v. Jenny, 3 Texas Civ. App., 405.

The court erred in his second conclusion of law in concluding that the evidence in this case fails to establish a title by limitation in defendants and in finding for plaintiffs. Haigler v. Pope, 8 Texas Ct. Rep., 807; Natirel v. Raymond, 1 Texas Ct. Rep., 210; Murphy v. Reymand, 2 Texas Civ. App., 470; Converse v. Ringer, 6 Texas Civ. App., 51; Gunter v. Meade, 78 Texas, 638; Heflin v. Burns, 70 Texas, 348.

*Hart & Sholars* and *S. W. Sholars, Jr.,* for appellees.—If the land conveyed or authorized to be conveyed, can by any reasonable construction of the instrument, be located, either by its own description, surrounding surveys, or by the aid of other instruments called for therein, the power of attorney would be sufficient to authorize the conveyance of the land. Overand v. Menczer et al., 18 S. W. Rep., 301; Hitchler et al. v. Scan-

lan et al., 39 S. W. Rep., 633; Brigham et al. v. Thompson, 34 S. W. Rep., 358.

The description in the power of attorney and deed was sufficient. Lanfer v. Powell, 71 S. W. Rep., 549; Arnall v. Newcom, 69 S. W. Rep., 92; Louchheimer v. Saunders, 65 S. W. Rep., 500; Hitchler v. Scanlan, 39 S. W. Rep., 633; Brigham v. Thompson, 34 S. W. Rep., 358; Overand v. Menczer, 18 S. W. Rep., 301.

When the deed is signed by the party and acknowledged it passes whatever title he had in the land per se and as survivor in community of the estate, he having qualified as such, and it appearing in the body of the deed, the fiduciary capacity in which he acts; he may transfer all of the community property of himself and his deceased wife, when he has qualified as such survivor in community. Sayles' Stats., art. 2227; Fulshear v. Randon, 18 Texas, 277; Newton v. Emerson, 18 S. W. Rep., 348.

That defendants failed to prove title by limitation: Short v. Hepburn, 35 S. W. Rep., 1056; Eldridge v. Parish, 25 S. W. Rep., 49; Mahoon v. Cain, 14 S. W. Rep., 24; Schmidt v. Talbert, 12 S. W. Rep., 284.

REESE, Associate Justice.—Appellees, O. R. Sholars and S. W. Sholars, Jr., sued appellants V. H. Stark and G. F. Poole, together with Dennis Kane and Coleman Fisher, in trespass to try title to recover lots 7, 8 and 14, in block A-8, in the city of Orange, said lots being a part of the Nathan Cordrey headright survey.

Coleman Fisher and Dennis Kane disclaimed. Stark and Poole answered by general demurrer, general denial, plea of not guilty and plea of the ten years statute of limitation.

The case was tried by the court without a jury and judgment rendered against defendants Fisher and Kane on their disclaimer, and also against Stark and Poole for title and possession of the lots sued for. Motion for new trial having been overruled Stark and Poole appeal.

Appellees claim title to the lots by chain of title beginning with a power of attorney from W. H., Anna S. and Drucilla W. Cordrey, sole heirs of N. C. Cordrey, to R. B. Russell and D. Call who, acting under the power of attorney, sold and conveyed to Henry K. Sheldon under whom, through several mesne conveyances, appellees claim.

The property in controversy is a part of a tract of 1280 acres patented to Nathan Cordrey by the Republic of Texas, December 11, 1841, and is part of the tract described in the power of attorney and the various deeds thereunder down to appellees.

The court found as conclusions of law that the title papers introduced in evidence by appellees vested title in them, and that the evidence failed to establish a title by limitation in appellants.

Appellants moved to suppress the deposition of Wm. Cordrey, taken by appellees, on the ground that the same had not been returned by the officer by whom it was taken until six months after it had been taken. This delay is not explained in any way, but it appears that it was returned about a month before the first term of the court after the taking, at which the case was tried, and it is not claimed by appellants that they were in any way prejudiced by the delay, nor is it shown that appellees were in any way responsible for it.

Article 2280, Revised Statutes, in prescribing the form and requisites of a commission to take depositions provides that it shall require the officer "to summon the witness before him forthwith . . . and to return without delay the commission and interrogatories, and the answers of the witness thereto."

Article 2284, which prescribes particularly the duties of such officer and which provisions have been always held mandatory and to be strictly complied with, makes no reference to the time within which depositions must be returned after having been taken.

By the use of such vague and indefinite terms as "without delay" in a statute merely prescribing the form and requisites of the commission, we are led to conclude that these terms are meant to be directory, and that in the absence of anything to show that the delay has prejudiced appellants, or that appellees are chargeable therewith, the motion to suppress the deposition referred to was properly overruled.

The delay of the officer, however, was a breach of official duty on his part and is to be strongly condemned.

There is no patent ambiguity in the description of the land in the power of attorney from the Cordreys to Russell and Call. The land is described as being situated in Orange County, Texas, adjoining the town of Madison, and it appears with reasonable certainty that it is a part of the Cordrey survey, and there are full descriptive field notes giving the boundaries. The tract is further described as containing "all the land contained in said Cordrey not heretofore sold by N. C. Cordrey or his heirs or assigns." If when it comes to apply this description to the ground there should appear to be discrepancies and conflicts in the various calls in the description this would not be a patent, but a latent ambiguity. (Brown v. Chambers, 63 Texas, 135; Hitchler v. Scanlan, 39 S. W. Rep., 635.)

There was no error in overruling the objections to the admission in evidence of the power of attorney. The discrepancy between the names N. C. Cordrey in the power of attorney as the patentee of the land, and Nathan Cordrey in the patent, is immaterial. It sufficiently appears that they are one and the same person.

Appellants also objected to the admission in evidence of the deed from Call and Russell under the power of attorney to Henry K. Sheldon, on substantially the same grounds as those urged to the power of attorney, that is, that there was a patent ambiguity in the description of the land conveyed. The description of the land was substantially the same as in the power of attorney, differing only in being more full and perhaps more definite. There was no patent ambiguity. Nor was it a valid objection to the deed that it was a deed with special warranty, while the power of attorney only authorized a quit claim. The instrument was still valid to the extent of the agents' authority, and operated to convey the land so far as their principals could do so. There was no error in admitting this deed in evidence. We can not agree with appellants that the deed to Sheldon conveyed any more land than the agents were authorized by the power of attorney to convey. The description of the land in the deed is not exactly in the same terms as in the power of attorney, but it appears to us that it refers to and describes with substantial accuracy the same tract of land. The general description of

the land as containing all of the land in the Cordrey survey not sold by Cordrey or his heirs renders sufficiently definite and certain the identity of the land conveyed with that authorized to be conveyed, and it is sufficiently shown that the land sued for is a part of this tract, and that it does not embrace any of the land sold by Cordrey. We may remark, however, that the land being described by definite boundaries which identify it, with the further description of it as being all of the unsold land in the survey, it was not necessary in order to determine what land was conveyed to prove what part of the survey had been sold. The reference in the deed to the land as being that part unsold was not necessary to identify the land conveyed, but would probably be useful to solve doubts that might arise when it came to apply the description to the ground.

What has been said also applies to the objection of appellants to the admission in evidence of the deed from H. K. Sheldon to S. W. Sholars.

Objection was made to the introduction in evidence of the deed from John T. Hart and S. W. Sholars to O. R. Sholars on account of defects in the certificate of acknowledgment,

1st. Because, while the deed purports to have been executed by S. W. Sholars for himself and as survivor of the community, he only signs and acknowledges individually.

2d. Because, while he is named in the deed as S. W. Sholars and signs S. W. Sholars, the certificate of acknowledgment names him as S. W. Sholars, Sr., and

3d. Because the notary signs the certificate only as notary public without a designation of the State and county for which he is notary.

None of these objections is well taken. It would have been useless and unnecessary for Sholars to go through the formality of signing and acknowledging the deed in his capacity as survivor of the community as well as in his individual capacity. The notary certifies that S. W. Sholars, Sr., who acknowledged the deed is the same person who executed it. S. W. Sholars, Jr., is in fact one of the grantees.

As to the signature of the notary, his official character as notary public for Orange County, Texas, is sufficiently shown in the first part of the certificate and it was unnecessary to repeat it.

In their brief appellants present the proposition that the certificate of acknowledgment is defective in that it is stated that John T. Hart and S. W. Sholars, Sr., appeared before the notary "and acknowledged that he executed the instrument for the purposes, etc." This would have been a good objection to the admission in evidence of the instrument as a recorded instrument, if it had been properly made, but reference to the bill of exception (No. 6) discloses that the instrument was not objected to on this ground, and we can not entertain the objection here. There was no error in overruling the objection of appellants and admitting the deed in evidence.

Appellants' eighth assignment is intended to present the objection that the court erred in finding as a conclusion of law that the title papers introduced in evidence by appellees vested in them a good title to the land in controversy. This assignment is not followed by any proposition or statement, reference only being made to the propositions, statements and authorities under the third, fourth and fifth assignments of error.

These assignments are addressed to the alleged errors in admitting in evidence the power of attorney and the several deeds thereunder. They are not germane to the assignment here presented. The assignment is presented in the brief in total disregard of the rules prescribed and can not be considered.

The conclusion of law that the evidence fails to establish a title by limitation is assigned as error.

Upon this issue Dennis Kane testified that he built a house on lot 8 in 1888, which does not seem to be disputed by the evidence. Also that in January or February, 1889, he enclosed all of these lots with others and has kept them enclosed ever since, using the property for a garden, orchard, etc., continuously, and that he has all of the time claimed the lots. He admits that the fence was sometimes torn, knocked or blown down, but he always put it up again immediately and has always kept it up.

This testimony is fully corroborated by the witnesses Charley Wheat and Gabe Holden, and is substantially corroborated by Geo. F. Poole. This testimony shows an actual enclosure and use of all of the lots continuously from 1889 up to the filing of this suit in 1903.

To contradict this testimony J. W. Link testified that in 1896 Dennis Kane told him that he had permission of Dan Morrison to fence the other lots, besides 9 and 10 which he owned. Witness thinks these lots were lots 7 and 8. He testified that there were some other lots which Dennis Kane claimed as his limitation lots.

He further testified that he was out there four or five years ago and that he does not think that at that time Dennis Kane had any fence around lots 7 and 8, and that he does not remember seeing any house on any of these lots.

Witnesses for appellants upon this issue testify clearly and directly to the effect that Dennis Kane enclosed the three lots in 1889 and that they had been under such enclosure and used by him continuously ever since up to the date of the institution of this suit in 1903. The effect of this testimony is that this possession was peaceable and adverse.

Dennis Kane's statement to Hart and Sholars in 1887 or 1888 with regard to that part of lot 14 (about two-thirds of the lot), which he had enclosed, that he did not claim the property and his agreement to move his fence off when he got his sugar cane off the land, would preclude him from claiming that this possession was then adverse to the owners, so far as that part of lot 14 then under fence is concerned, but lots 7 and 8 and the balance of lot 14 not then enclosed were not involved in this statement and agreement. It was not until after this that Kane enclosed lots 7 and 8 and the other one-third of lot 14, the adverse character of which possession was not affected by the statements previously made to Hart and Sholars with regard to the part of lot 14 then enclosed.

As to this part the possession would not become adverse, so as to put the statute in motion, until Kane did some act which would have operated as notice actual or constructive of a change in the character of his possession, from one in subjection to the rights of the owner to one adverse thereto.

If during the time of his possession his fences were allowed to be

down in places and for a short time, and this is the most that appellees' evidence establishes on this point, that would not operate to make a break in his actual possession or to interrupt the running of the statute.

The testimony as to Dennis Kane's statement, that he had gotten permission from Dan Morrison to fence some lots which witness thought were lots 7 and 8, would not affect his possession of lot 14 in any event, nor would his promise to Hart and Sholars to move his fence off of that part of lot 14 which he had fenced affect his possession of the balance of lot 14, or of lots 7 and 8.

The testimony as to his statement to Robinson, about getting a patent for the land, is too indefinite to rebut the inference of adverse possession afforded by the acts of Dennis Kane.

The property appears to be town lots, and if the direct and positive statements of appellants' witnesses as to the continuous occupation of Dennis Kane is not true, appellees ought to be able to show it by more definite and positive testimony than has been here offered.

The finding of the court on the issue of limitation appears to us to be so opposed to the great preponderance of the evidence as to require a reversal of the judgment and that the cause be remanded for another trial.

In view of another trial we call attention to an error that would have required a reversal of the judgment if it had been properly presented. The deed from Henry K. Sheldon to S. W. Sholars excepts from the conveyance such portions of the land as he and his duly authorized agents had sold since the sale to him, and also saves and excepts certain enumerated and described lots. There was no attempt to show what portions had been sold by Sheldon since the conveyance to him and before the date of this deed to Sholars.

A person claiming under a deed conveying a tract of land with exceptions or reservations, must show that the land claimed by him is not embraced within the excepted portions, if the deed itself does not clearly show it.

This principle is not applicable to the power of attorney and the other deeds containing the exceptions of the portions sold by Cordrey or his heirs, for the reason, as stated, that the specific land conveyed is sufficiently described, and it is stated that this land so described contains all the unsold land. Were it otherwise, however, it is shown that there are no deeds of record to any of this land from Cordrey or his heirs, which is as far perhaps as appellees could be required to go.

This can not be said of the above exceptions and reservations in the Sheldon deed to Sholars of all portions sold by him. This evidence can doubtless be satisfactorily supplied upon another trial.

*Reversed and remanded.*