## BANISTER v. EADES et al. (No. 2627.)

(Court of Civil Appeals of Texas. Amarillo.
March 10, 1926.)

**1. Judgment ⬧526.**

If sense of obscure and ambiguous judgment can be clearly ascertained by reference to pleadings and record, it will be upheld.

**2. Judgment ⬧526—Pleading and record may be considered to show that judgment for widow, suing as individual and survivor of community estate, included all her rights in both capacities.**

Where widow sued individually and as survivor of community estate, pleadings and record may be considered to show that judgment in her favor included all her rights in both capacities.

**3. Husband and wife ⬧273(12)—In widow's suit as community survivor, judgment, construed in light of record and pleadings, held to be for single sum held in escrow, and not for that sum, together with personal judgment for like amount.**

In suit by widow, individually and as survivor of community estate, to recover earnest money deposited in escrow by purchaser of realty from her deceased husband, judgment that plaintiff recover from purchaser amount deposited, with interest, and that bank, as escrow holder, pay such amount to clerk for payment to plaintiff, *held*, when construed with record and pleadings, to be for sum in escrow only with interest, and not erroneous as also decreeing personal judgment against purchaser for like amount.

Error from Lubbock County Court; Chas. Nordyke, Judge.

Suit by Mary V. Eades, individually and as survivor of the community estate of herself and her deceased husband, J. S. Eades, against Jim Banister and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

R. M. Ellerd, of Phoenix, Ariz., and F. P. Works, of Amarillo, for plaintiff in error.

Roscoe Wilson, of Lubbock, and Jack M. Randal, of Memphis, for defendants in error.

JACKSON, J. Mary V. Eades, individually and as survivor of the community estate of herself and her deceased husband, J. S. Eades, instituted this suit in the county court of Lubbock county against Jim Banister and the Lubbock State Bank of Lubbock, Tex.

She alleged that she was the duly appointed and acting survivor of the community estate, and that on January 24, 1924, J. S. Eades, her deceased husband, as seller, and Jim Banister, as purchaser, entered into a written contract by the terms of which her deceased husband agreed to sell and Jim Banister agreed to buy, for the consideration expressed in the contract, 200 acres of the east half of survey No. 46, block 20, in Lubbock county, Tex., and that $500 paid by Banister as earnest money was deposited in the Lubbock State Bank in escrow with a copy of the contract, which provided, "if the purchaser refuses to accept marketable title and deed, or otherwise comply herein, the earnest money shall be forfeited to the seller as liquidated damages," and that the purchaser was thereby bound to purchase said land or pay to the seller the $500 as liquidated damages. That she individually, and as the duly appointed and qualified survivor of the community estate, furnished an abstract showing good and merchantable title, which was examined and approved, and that she executed a proper deed conveying the marketable title to the land to Jim Banister, the purchaser, under said contract, and in all things complied with the terms and provisions of said contract of sale, of which the purchaser was advised, but that he failed and refused to comply with the contract and accept the title, and that by reason of such failure and refusal on his part she is entitled to have and recover the $500 deposited with the said bank as liquidated damages. That the bank, acting on the advice of the purchaser, had refused to pay her said $500, notwithstanding the breach of the contract by the purchaser.

The Lubbock State Bank answered that it had no interest or claim in said $500, but was merely holding it in escrow, together with a copy of the contract between J. S. Eades, the seller, and Jim Banister, the purchaser, and tendered into court said $500 to be paid to whomsoever it determined is entitled to said money.

Jim Banister filed a pleading, in which he alleged that he had no interest in the contract or said $500 for which suit was brought, as he had sold all his interest in the contract and in said money to Charles McClenny of Arizona, who had filed suit against Mary V. Eades and others in the United States District Court at Amarillo, Tex., to enforce specific performance of the contract, and for damages, attaching a purported copy of the petition alleged to have been filed by said

McClenny in said United States District Court; that the county court of Lubbock county had no jurisdiction to try the issues involved on account of said sale and the alleged pendency of the suit in the United States District Court; and prayed that the suit of Mary V. Eades in the county court of Lubbock county be abated.

On the 11th day of April, 1925, the case was called for trial in the county court of Lubbock county, and judgment entered that Mary V. Eades have and recover of and from the defendant Jim Banister $500, with 6 per cent. interest from the date of the judgment, with court costs, and that the defendant Lubbock State Bank pay the $500 held by it in escrow to the clerk of the court, to be paid to Mary V. Eades. The judgment recites, after giving the number and style of the case, in part, that—

"On this the 11th day of April, A. D. 1925, the above numbered and entitled cause was called for trial, and the plaintiff Mary V. Eades appeared by her attorneys and announced ready for trial, and the defendant Lubbock State Bank by written answer, and the defendant Jim Banister, although duly and legally served to appear and answer herein, and although he filed an answer, failed to appear to defend this suit; wherefore, plaintiff ought to recover herein. The plaintiff announced ready for trial, and the court, having heard the pleadings and the evidence, finds that the law and facts are with the plaintiff, and that she is entitled to recover of and from the defendants as sued for."

The case is before us on a writ of error sued out by Jim Banister, whom we will call appellant. He by assignment assails, as error, the judgment of the trial court, in that it decrees to Mary V. Eades, here called appellee, individually, a personal judgment against appellant for the sum of $500 in addition to the judgment for the $500 deposited with the bank and held in escrow, because, under her pleadings, she was limited to a recovery of the escrow money, and the judgment should have been for her individually and as survivor of the community estate.

[1] While the judgment is somewhat obscure and ambiguous, considered with regard to the pleadings and record, appellant's contention is not tenable. If the sense of an obscure and ambiguous judgment can be clearly ascertained by reference to the pleadings and the record, it will be upheld. 33 C. J. par. 128, p. 1196; McCoy v. Texas Power & Light Co. (Tex. Com. App.) 239 S. W. 1105; Luter v. Rose, 16 Tex. 52; S. M. Dunlap et al. v. S. L. Southerlin et al., 63 Tex. 38.

[2] The pleadings and the record of the case may also be considered for the purpose of showing that the judgment recovered included all her rights, both in her individual capacity and in the capacity of survivor of the community estate. Kane et al. v. Sholers et al., 90 S. W. 937, 41 Tex. Civ. App. 154; Croom et al. v. Winston et al., 43 S. W. 1072, 18 Tex. Civ. App. 1; Carter & Rust v. Conner et al., 60 Tex. 53; Woodley v. Adams, 55 Tex. 526; Speer's Law of Marital Rights, par. 586.

[3] This judgment, construed in the light of the record and pleadings, is for $500 only, with interest and costs, and is conclusive against appellee in her individual capacity, and against the community estate of herself and her deceased husband in her capacity as community administratrix of said estate. The record shows that the bank paid to the clerk the $500 which it held in escrow, that $493.75 thereof was applied to the payment of the principal of the judgment, and $6.25 applied to the payment of costs, all of which was accepted and receipted for by appellee; and hence no execution can issue on said judgment against appellant except for the unpaid balance of the $500 and unpaid interest and costs.

Appellant's other assignments all present errors involving issues of fact, and, as no statement of facts has been filed in this court, they cannot be reviewed.

The judgment is affirmed.