Per Curiam.
None of the objections which have been made go to the justice of the case or affect the equity of the *423 claim. The merits are clearly with the plaintiff’ and there is no question but that he may recover the entire amount of the verdict in another action, should it be adjudged that the pleadings are defective. “ judges ought” to use the language of Lord Mansfield “ to lean against every attempt to nonsuit a plaintiff upon objections which have no relation to the real merits: much more when the plaintiff is clearly entitled to recover upon the merits, and must recover in another action. It is unconscionable in a defendant to take advantage of the apices liligandi to turn a plaintiff round where his demand is just. Against such objections every possible presumption ought to be made which ingenuity can suggest.” 3 Burr, 12&3.
These are the principles which ought to govern courts in all cases of applications of this nature. But this case is still stronger here a verdict has passed between the parties, the questions of fact, which might have appeared questionable on the mere pleadings are settled and reduced to a certainty by the decision of a jury, and no attempt has been made to impugn the righteousness of their determination. In Goslin v. Wilcock (a) the court refused to grant a new trial where a material averment was omitted in the declaration because the verdict was right upon the merits; and Lord Camden says “ as the justice and equity of the cause is on the side of the “ verdict we ought not to grant a new trial,” In Sampson v. Appleyard (b) Nares J. said “ The court never grants a new trial when they clearly see the merits have been fairly and fully tried.”
Enough appears upon the pleadings to show the foundations of the present claim. The defendant will always be able to plead this recovery in bar of another action on the same ground. This we consider as the true inquiry in the case ( 3 Burr. 1590.) and when that appears we will look no further.
Judgment affirmed.,

 % Wils. 302.

 3 Wils. 273.