WALDO G. BROWN and another *vs.* THOMAS MOORE and trustee.

Aroostook. Opinion March 3, 1887.

*Superior Court, Aroostook. New trial.*

The justice of the superior court for the county of Aroostook has the power to set aside the verdict, and grant a new trial, in a case tried before him, when in his opinion the case demands it.

ON exceptions from superior court.

Assumpsit on an account annexed. The verdict was for the plaintiff for the sum of one cent. The presiding justice, on motion of the plaintiff set the verdict aside and granted a new trial, and the defendant alleged exceptions on the ground that the justice was not authorized to set aside a verdict in that court.

*Powers and Powers*, for the plaintiff.

*John P. Donworth*, for the defendant.

The power to set aside verdicts does not exist unless so expressed *in totidem verbis*, for an act conferring such power is in derogation of the common law, and cannot be extended by construction so as to embrace causes not fairly within the scope of the language used. See 46 Maine, 377.

The superior court in Aroostook court was not created by force of a general law, so that sec. 40 of c. 82 of the Revised Statutes does not apply. Stat. 1885, c. 324, establishing that court does not confer the power of setting aside a verdict.

PETERS, C. J.   The question is whether the judge of the superior court for Aroostook county, has the power to set aside a verdict, and grant a new trial, in a case tried before him, when in his opinion the evidence demands it.   We have no doubt that he has.

The language of § 40, c. 82, R. S., is comprehensive enough to admit such construction.   "Any justice . . of a superior court" may do so.   The argument on the other side of the question is that it cannot be so, because the Aroostook county court was not in existence when the statute referred to was passed, and that the extent of jurisdiction granted to the local court must be found only in the act creating it.   We are not strongly impressed with this argument.   The statutory provision pertaining to the subject is found in a chapter of rules regulating proceedings in courts generally, most of which are as applicable to one court of record as to another.   Before the last revised statutes the provision applied specifically to superior courts in Cumberland and Kennebec counties.   Acts of 1881, c. 44. But the idea of the revising committee, adopted by the legislature, was that the power better be general, and apply to present or future superior courts.   There is no good reason why the Aroostook court should not possess such power while other courts have it.   In fact, it is a power usually belonging to courts exercising common law jurisdiction, and the new trial was in early times granted only by the trial judge or judges.   It remained so until statutory provisions supervened altering the practice.   The statutes rather take from than add to the powers of a single judge in this respect.

The historical aspect of the question in this state is fully stated in the case of *State* v. *Hill*, 48 Maine, 241.   The origin of the practice of granting new trial is of extremely ancient date. Blackstone gives an interesting and satisfactory account of it. 3 Bl. Com. 387, 388 ; Bou. Law Dic. New trial.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.