HENRY A. ROSNER, PLAINTIFF, v. MICHAEL COHN, DEFENDANT.

Argued February 23, 1911—Decided June 9, 1911.

Where the defendant in a suit in a District Court does not appear and the court proceeds to hear and determine the case in the absence of the defendant and renders judgment therein, pursuant to the one hundred and forty-sixth section of the District Court act, such hearing and determination is a trial, within the purview of section 17 of said act, limiting the time for granting a new trial to thirty days after judgment.

On rule to show cause.

Before Justices GARRISON, PARKER and VOORHEES.

For the rule, *Jacob L. Newman.*

*Contra, Philip J. Schotland.*

The opinion of the court was delivered by

VOORHEES, J. This is a rule to show cause why a writ of *certiorari* should not issue to remove a judgment and order of the First District Court of Newark or why a *mandamus* should not issue, commanding that court to open the judgment entered against the defendant, at the suit of the plaintiff, to the end that the defendant may be permitted to defend the action.

The suit was commenced on May 27th, 1910, and by twelve adjournments, continued to September 27th, 1910, when the record shows "the plaintiff appeared, and the defendant not appearing, and no reason being assigned for absence, the cause was tried and determined at this time."

The plaintiff was sworn, a lease was offered and the evidence being closed, the court rendered judgment for the plaintiff.

On the same day, execution issued, and on October 21st was returned unsatisfied. On November 3d, an alias execution was issued. On November 9th, more than thirty days after judgment, the District Court granted a rule to show why the District judgment should not be set aside and the defendant permitted to defend.

It was dismissed, the judge, although finding that the defendant had shown both merits and surprise, but, because the application had not been made within thirty days, that there was no power in the court to grant a new trial.

The case, therefore, is presented whether the seventeenth section of the District Court act prevents a judgment, entered for the plaintiff in the absence of the defendant, from being opened after thirty days.

The District Court act has constituted a statutory court. The insistence is that this is not an application for a new trial. It is to be observed, however, under the one hundred and forty-sixth section, sub-division *Trial,* that there is no such thing as a judgment by default.

That section provides: "If the defendant does not appear * * * the court may proceed to hear and determine the case in the absence of such defendant and render judgment therein."

There must be a hearing and a determination, and under the decisions concerning the Justice's Court act, which are numerous, it was held there must be a trial, and legal evidence of the plaintiff's claim produced. It was not a judgment by default. See 1 *Tidd Pr. (S. P.)* 562. The application then must be deemed an application for a new trial.

But it is said that the sixty-eighth section of the District Court act, making the practice of the Circuits Courts apply to District Courts, will justify the relief. The exception, however, "in cases where there may be some express provision of law providing otherwise," brings into play an express provision to the contrary. Even in the higher courts of general jurisdiction, at common law, there was a limitation that a new trial would not be granted after the term had expired, and the legislature, by section 17, in lieu of the term, inapplicable to a District Court, has prescribed the limit of thirty days, except in cases of newly-discovered evidence.

The seventeenth section provides for new trials in every case "tried," and what has already been said upon the one hundred and forty-sixth section bears out the idea that the hearing and determination of the case is a trial. The one hundred and forty-seventh section, providing for cases in which the parties shall appear, has like words, viz.: "The court shall proceed to hear and examine their respective allegations and proofs and render judgment."

In *Flaherty* v. *Pack,* 44 *Vroom* 103, it was held that the power of District Courts to grant new trials is derived from and limited by the statute (section 17). It is true that was an attachment case and not a suit commenced by summons,

but the reasoning is pertinent. The application, being in reality for a new trial, was not made in time to authorize its allowance.

The allowance of the writ of *certiorari* will be denied and the order for *mandamus* refused, with costs.