This is an action of trespass on the case for negligence, brought by John Murad against the New York, New Haven and Hartford Railroad Company to recover damages for personal injuries. The case was tried in the Superior Court before Mr. Justice Brown and a jury in June, 1911, and on the 28th of that month, upon the defendant's motion, the plaintiff was nonsuited. On July 5, 1911, the plaintiff filed a motion for new trial on the following grounds:
"First. That the decision, ruling and action of Mr. Justice Brown in granting a motion for a nonsuit was against the evidence.
"Second. That the decision, ruling and action of Mr. Justice Brown in granting said motion for a nonsuit was against the law.
"Third. That the decision, ruling and action of Mr. Justice Brown in granting said motion for a nonsuit was contrary to the law and the evidence and the weight of the evidence.
"Fourth. That said plaintiff has discovered new and material evidence since the trial of said case and since the decision, ruling and action of Mr. Justice Brown in granting said motion for a nonsuit, said new and material evidence not being known to said plaintiff before and at time of the trial *Page 314 
of said cause, and which could not have been discovered by the plaintiff prior to or during the trial of said cause, even by due diligence. Said new and material evidence is of such character as to entitle said plaintiff to a new trial of said case."
On December 5, 1911, this motion was denied by Mr. Justice Brown. From the date of the filing of this motion up to the date of its denial no affidavits of newly discovered evidence were filed by the plaintiff in support of the fourth ground.
Upon December 12, 1911, the plaintiff filed his notice of intention to prosecute a bill of exceptions, and the time for filing bill of exceptions and transcript of evidence was fixed as January 20, 1912.
On January 20, 1912, the plaintiff filed the transcript of evidence and the following bill of exceptions:
"And now comes the plaintiff in the above entitled case and represents that said case was tried before Mr. Justice Brown and a jury on June 26, 27 and 28, 1911; that upon the conclusion of said plaintiff's testimony and upon said defendant's motion Mr. Justice Brown adjudged that the plaintiff be nonsuited; that within seven days of said decision, ruling and action of Mr. Justice Brown said plaintiff duly filed his motion for a new trial in accordance with the statute in that behalf made and provided; and that within the time fixed by Mr. Justice Brown for the filing of exceptions, transcript of evidence, etc., conformably to the statute in that behalf made and provided, said plaintiff now comes and prefers this his bill of exceptions, and for grounds of exceptions alleges:
"First. That Mr. Justice Brown erred in granting said defendant's motion for a nonsuit, to which said plaintiff duly excepted.
"Second. That Mr. Justice Brown's decision, ruling and action granting said defendant's motion for a nonsuit was contrary to the law, to which the plaintiff duly excepted. *Page 315 
"Third. That Mr. Justice Brown's decision, ruling and action granting said motion for a nonsuit was against the evidence and the weight thereof, to which the plaintiff duly excepted.
"And the plaintiff alleges that for all of said reasons his exceptions should be sustained and that a new trial should be granted to him."
This bill of exceptions was allowed by Mr. Justice Brown, on January 27, 1912. And on February 29, 1912, the defendant filed in this court a motion to dismiss said bill of exceptions. Upon that motion the case is now before the court.
The first three grounds of the motion for a new trial are clearly not valid grounds for a motion for a new trial under Sec. 12, cap. 298, Gen. Laws, 1909, as they are for "errors of law occurring at the trial."
The defendant contends that no affidavits having been filed the plaintiff's motion for a new trial on the fourth ground, that of newly discovered evidence, was never perfected; that the filing of such affidavits was absolutely necessary to make said motion valid or effective.
Section 17, cap. 298, Gen. Laws, 1909, prescribes as the initial step in the prosecution of a bill of exceptions to this court that the party desiring to prosecute such bill shall "within seven days after verdict or notice of decision, but if a motion for a new trial has been made then within seven days after notice of decision thereon . . . file in the office of the clerk of the Superior Court notice of his intention to prosecute a bill of exceptions to the supreme court." In Sullivan v. White,34 R.I. 61, speaking of this section, the court says: "The intent of this provision is, that if a motion for a new trial be filed in a case by either party thereto, then either party wishing to prosecute a bill of exceptions shall file said notice of intention after decision upon the motion for new trial, and within seven days thereafter;" and again, "from a consideration of all the provisions of Chapter 298, Gen. Laws, 1909, for prosecuting bills of exceptions to this court, we are of the opinion that the procedure, *Page 316 
intended by the statute, is that appellate proceedings from the Superior Court to this court shall not be taken by piecemeal; that bills of exceptions shall not be in order for filing in the Superior Court and for certification to this court until after all matters arising in the cause in the Superior Court have been determined; in case a motion for new trial is made by either party, not until after the decision on that motion has been given by the Superior Court."
As the motion for a new trial when filed was upon the ground of newly discovered evidence said motion was valid. The fact that the plaintiff did not afterwards support the motion upon that ground by affidavits does not render the motion invalid abinitio.
The plaintiff's notice of his intention to prosecute his bill of exceptions was filed within seven days after the denial of his motion for a new trial. Therefore under said Section 17, cap. 298, Gen. Laws, 1909, his notice of intention to prosecute his bill of exceptions was filed at the proper time.
The defendant's motion to dismiss the plaintiff's bill of exceptions is denied.