404

## RESTIFO v. HARTIG.
### No. 5438.

Court of Appeals of the District of Columbia.
Argued April 7, 1932.
Decided May 23, 1932.

Rehearing Denied Oct. 8, 1932.

Raymond M. Hudson, of Washington, D. C., for appellant.

Andrew Wilson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

On January 4, 1922, appellee, as plaintiff, secured a judgment in the municipal court against appellant as defendant. On February 1st, following, a certified copy of the judgment was filed in the Supreme Court of the District, and on the same day a fieri facias was issued seeking execution on the judgment. This was returned by the marshal on April 6, 1922, "nulla bona."

On February 13, 1931, the defendant (appellant here) filed a motion in the Supreme Court to strike from the files all the papers and entries in the case. This motion was overruled on February 27, 1931. On March 9, 1931, defendant filed two motions—one for a rehearing of his motion of February 13th, and the second, to strike an affidavit and the corrected record. On March 20, 1931, these motions were overruled.

On March 25, 1931, defendant filed a motion for a rehearing of the previous motion to rehear his motion to strike, or in the alternative to allow an exception to the ruling on such previous motion for rehearing and to allow an appeal. The court overruled this motion, adding, "But in so far as it may be necessary to allow the defendant an exception to the ruling and an appeal to the Court of Appeals, such an exception and such an appeal is hereby allowed."

It thus appears that this appeal is from an order denying a motion for a rehearing. No appeal lies from such an order. Chester v. Morgan, 11 App. D. C. 435; Conboy v. First Nat. Bk. of Jersey City, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128. Moreover, in Hopper v. Supplee Hardware Co., 39 App. D. C. 596, it was expressly ruled that the Supreme Court of the District is without power, on motion, to vacate a judgment of the municipal court which has become final and docketed in the clerk's office of the Supreme Court, and that no appeal lies to this court from a refusal to grant such a motion.

The judgment is affirmed, with costs.

Affirmed.