## PENN SPORTSERVICE, Inc., et al. v. GOLDSTEIN.
### No. 916.

District Court, W. D. Pennsylvania.

Oct. 25, 1940.

W. B. Jaspert and Geo. L. Eynon, both of Pittsburgh, Pa., for plaintiffs.

Julius E. Foster, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This case involves a charge of copyright infringement and unfair competition against defendant; and on the part of defendant, a countercharge against plaintiffs for false arrest.

We heard the case on complaint, answer, and proofs, so far as concerns the complaint for copyright infringement, and on motion to dismiss the countercharge of defendant.

We have filed our opinion, findings of fact, conclusions of law, and decree, in which we adjudged that both the complaint and countercomplaint be dismissed; that the costs attributable to the complaint, to-

gether with a reasonable attorney's fee, which we fixed at $100, be paid by plaintiffs; and that the costs attributable to the counterclaint be paid by defendant.

Whereupon, the plaintiffs petitioned for a rehearing, and defendant moved to strike this petition. We heard the parties on both these matters. We regard the plaintiffs' petition for a rehearing as a motion for a new trial under the provisions of Rule 59(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We pass on it on that basis.

The plaintiffs do not question the finding of invalidity as to their copyright, but do question the court's finding as to unfair competition, urging that there is unfair competition in defendant's use of ballplayers' names and numbers. The plaintiffs urge this is a property right vested in them, which the defendant may not use without their consent. We cannot agree with this contention. The names of the players of the several baseball teams, along with the numbers assigned to them, were already known to the public before the games were played, and was a matter within the public domain.

The mere arrangement of the names of these players with their assigned numbers in a list on a scorecard to constitute a lineup, does not infringe any property rights of the plaintiffs. It was not shown that defendant obtained any information as to lineup, except that known generally by the public from prior games played in places other than Pittsburgh. The lineup of players in prior games played in other places than Pittsburgh, was certainly in the public domain. There was no evidence that defendant surreptitiously obtained the particular lineup of players of the game to be played on Forbes Field. The defendant's lineup for a particular game was practically only his personal opinion as to what the lineup at Forbes Field would be. This was derived from information in the public domain as to what the lineup was in other places in prior games played in such places. We cannot see, therefore, there was any violation by defendant in any property rights of the plaintiffs in the lineup information, which plaintiffs had of the games to be played at Forbes Field.

Plaintiffs charge that the defendant was a violator of the copyright laws in publishing on his scorecard the words, "Copyright 1940, M. J. Goldstein, Pittsburgh, Pa.—all rights reserved * * *," when there was no such copyright registration. If that be true, it would mean only that defendant is subject to proceedings for violation of the copyright statute, and would not of itself entitle the plaintiffs to relief by injunction.

As to the award of attorney fee of $100 to defendant's counsel, this allowance was made under the provisions of the copyright statute, 17 U.S.C.A. § 40, which provides that "the court may award to the prevailing party a reasonable attorney's fee as part of the costs." The defendant prevailed as to the copyright infringement charge made against him, and should be awarded a reasonable attorney's fee, which we have fixed at $100.

The plaintiffs' petition for a rehearing or motion for a new trial, as we call it, will be denied. An order may be submitted accordingly.