## SAFEWAY STORES, Inc., v. COE, Com'r of Patents, et al.
### No. 8206.

United States Court of Appeals for the District of Columbia.

Argued April 8, 1943.
Decided May 29, 1943.

---

Mr. A. W. Murray, of Chicago, Ill., with whom Mr. Eugene E. Stevens, of Washington, D. C., was on the brief, for appellant.

Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., for appellee Coe; Mr. R. F. Whitehead, of Washington, D. C., also entered an appearance for appellee Coe.

Before GRONER, Chief Justice, MILLER, VINSON, and EDGERTON, Associate Justices, and EICHER, Chief Justice of the District Court of the United States for the District of Columbia.

GRONER, C. J.

This is a motion filed by Coe, Commissioner of Patents, to dismiss an appeal to this court taken by Safeway Stores, Incorporated. The essential facts are these: Southern Independent Oil and Refining Company, Inc., filed in the Patent Office an application for registration of a trademark for gasoline, oils and greases. Safeway filed notice of opposition. The Examiner of Interferences dismissed the notice and the Commissioner affirmed. Safeway then filed a complaint in the District Court against the Commissioner and Southern, praying that the Commissioner be enjoined from issuing the registration. The Commissioner moved to dismiss on two

grounds: (1) that he was not a proper party to the action, and (2) that the action could not proceed against him in the absence of a necessary party, the Southern Independent Oil and Refining Company, Inc. The motion was sustained and the complaint dismissed October 17, 1941.

November 17, 1941, Safeway filed a motion for rehearing,[1] which was considered and denied January 17, 1942. February 14, 1942, Safeway gave notice of appeal to this court. July 6, 1942, the Commissioner filed a motion to dismiss the appeal on the grounds that the order of January 17, 1942, was not appealable, and that the time for taking an appeal from the order of October 17, 1941, dismissing the complaint had run.

■ Safeway's notice of appeal states that it "hereby appeals * * * from the judgment of this Court entered the 17th day of January, 1942 * * *." But the order of that date was one denying a motion for rehearing, and it is settled that no appeal lies from such an order. Restifo v. Hartig, 61 App.D.C. 252, 61 F.2d 404; International Bank v. Securities Corp., 59 App.D.C. 72, 32 F.2d 968.

■ However, treating the appeal as one from the dismissal order of October 17, 1941, as we may, United States v. Ellicott, 223 U.S. 524, 539, 32 S.Ct. 334, 56 L.Ed. 535, the question presented is whether the filing and consideration of the motion for rehearing suspended the running of time for appeal.[2] If it did, the appeal was timely and the motion to dismiss should be overruled.

Rule 59(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that a motion for a new trial shall be served not later than ten days after the entry of judgment, unless the ground of the motion is newly discovered evidence, and Rule 6(b) provides that the court may not enlarge the period for taking any action under Rule 59, or for taking an appeal as provided by law, with an exception not here relevant. Since the motion for rehearing in the instant case was not filed seasonably under these Rules, the Commissioner argues that its filing and consid-

eration did not toll the time for taking the appeal.

■ Safeway, however, first contends that its motion was not one for a new trial under Rule 59 and that that Rule has no application. This, we think, is incorrect. The Rule itself (59(a), states that: "A new trial may be granted * * * in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States."

The Advisory Committee, in their notes, say: "This rule represents an amalgamation of the petition for rehearing of Equity Rule 69 [28 U.S.C.A. § 723 Appendix] * * * and the motion for new trial." And under Equity Rule 69 rehearings were granted "only upon such grounds as would authorize a new trial in an action at law." Sheeler v. Alexander, D.C., 211 F. 544, 547. Obviously, therefore, a petition for rehearing is, under the Rules, in all respects the same as a motion for a new trial. Penn Sportservice v. Goldstein, D.C., 35 F. Supp. 706. See also Fraser v. Doing, 76 U.S.App.D.C. 111, 130 F.2d 617; Nachod & United States Signal Co. v. Automatic Signal Corp., D.C., 26 F.Supp. 418.

■■ There can be no question that the original order of the District Court was not preliminary and interlocutory, but final and appealable. It was a complete and definitive disposition of the cause before the Court. The only provisions in the Rules for the modification or vacation of such an order are found in Rules 59 and 60. The latter is clearly inapplicable. Paragraph (a) provides for the correction of clerical mistakes, Paragraph (b) for the relief of a party from *his* mistake, inadvertence, surprise, or excusable neglect. A change in the law by a subsequent decision of a higher court is neither a clerical mistake nor the mistake of a party. Nachod & United States Signal Co. v. Automatic Signal Corp., D.C., 32 F.Supp. 588.

■ Paragraph (b) is qualified by the following language: "* * * This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to

---

[1] The motion was "for rehearing * * * and to vacate the Order * * * dismissing the complaint" on the ground that the dismissal was contrary to the subsequent holding of this court in Tomlinson of High Point v. Coe, 74 App.D.C.

364, 123 F.2d 65. This motion was permitted to be filed, considered by the court, and the rehearing denied.

[2] Rule 10 of this court requires the appeal to be taken within 30 days.

set aside within one year, * * * a judgment obtained against a defendant not actually personally notified." Obviously the second qualification is inapplicable. As for the first, in Fraser v. Doing, supra, we said that its purpose was to preserve, without expanding, the substance of the bill of review. Under the old equity procedure the bill of review served substantially the same purpose after term as the petition for rehearing served during term and consequently would not lie until the time for filing a petition for rehearing had passed. Fraser v. Doing, supra, cite: Moore, Federal Practice (1938) § 59.02. But the grounds that would sustain a bill of review were more limited than those that would sustain a petition for rehearing. Thus a subsequent decision of a higher court changing the law would lay the foundation for a petition for rehearing, Simmons Co. v. Grier Bros., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475, but would not lay the foundation for a bill of review. Scotten v. Littlefield, 235 U.S. 407, 35 S.Ct. 125, 59 L.Ed. 289; Simmons Co. v. Grier, supra; Swift v. Parmenter, 10 Cir., 22 F.2d 142. See, also, The Frederick Der Grosse, D. C., 37 F.2d 354 (libel of review). Since such a subsequent decision is precisely the ground of the motion made in this case it follows that it cannot, and it is not alleged that it can, be treated as a bill of review.

In this view the present motion must be considered as addressed to the exercise of the power of the trial court under Rule 59. That Rule is applicable to what were formerly petitions for rehearing in equity. In Atchison, Topeka & Santa Fe R. Co. v. United States, 284 U.S. 248, 260, 52 S.Ct. 146, 149, 76 L.Ed. 273, the Supreme Court said that a petition for rehearing directs attention "to matters said to have been overlooked or mistakenly conceived in the original decision, and thus invites a reconsideration upon the record upon which that decision rested." Whatever it may be designated, that is what the motion here does.

If this is a correct statement of the purpose and effect of the new Rules, it follows that the motion, not having been served within ten days after the entry of judgment, was too late, and that the appeal from the order of dismissal entered October 17, 1941, not having been taken until February 14, 1942, was likewise too late, unless, as Safeway contends, the order of dismissal was suspended when the motion for rehearing was allowed and considered by the court.

Unquestionably, the general rule is that the time for taking an appeal is suspended by a seasonably filed motion for new trial or petition for rehearing. Morse v. United States, 270 U.S. 151, 154, 46 S. Ct. 241, 242, 70 L.Ed. 518. In that case the Court said: "The suspension of the running of the period limited for the allowance of an appeal, after a judgment has been entered, depends upon the due and seasonable filing of the motion for a new trial or the petition for rehearing." It is argued, however, as has been seen, that an unseasonably filed motion which is considered on its merits also suspends the time. It is true that this has been said recently in two cases. Bowman v. Loperena, 311 U.S. 262, 266, 61 S.Ct. 201, 203, 85 L.Ed. 177; Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. ——. In the former the Court said: " * * * where the court allows the filing [of an untimely petition for rehearing] and, after considering the merits, denies the petition, the judgment of the court as originally entered does not become final until such denial, and the time for appeal runs from the date thereof." The latter confirms this rule but points out that it applies only where the issues of the original order are actually reexamined by the court. Where they are not so reexamined and the court merely considers whether the petition sets out grounds for opening the original order and determines that no grounds are shown, the time for review of the original order is not enlarged. But this latter contingency is one we are not concerned with here, since it sufficiently appears from the order of the court, when considered with the petition, that the ground assigned was an error in law in the original decree and that that decree was reexamined. If, therefore, the rule to be applied here is that stated in the Loperena and Pfister cases, Safeway's appeal was in time.

But both the Loperena and Pfister cases were suits in bankruptcy, and the statements of the court were based, we think, on the distinctive nature of bankruptcy proceedings. This conclusion is supported by Wayne U. Gas Co. v. Owens, 300 U.S. 131, 136, 57 S.Ct. 382, 385, 81 L.Ed. 557, which applied a similar rule and upon which both later cases relied. That, too, was a bankruptcy case in which an untimely petition for rehearing was considered on its merits.

In holding that the time for appeal was thereby suspended, the Court said: "Though a court of bankruptcy sits continuously and has no terms, respondents urge that, as courts of bankruptcy are courts of equity, the rules applicable to the rehearing of a suit in equity should be applied in bankruptcy cases, and as it appears the term of the District Court expired April 20, 1936, the court had lost its power to disturb the order of March 2d. A court of equity may grant a rehearing, and vacate, alter, or amend its decree, after an appeal has been perfected and after the time for appeal has expired, but not after expiration of the term at which the decree was entered. It is true the bankruptcy court applies the doctrines of equity, but the fact that such a court has no terms, and sits continuously, renders inapplicable the rules with respect to the want of power in a court of equity to vacate a decree after the term at which it was entered has ended."

Two other cases are cited in the Loperena case, Voorhees v. Noye Mfg. Co., 151 U.S. 135, 14 S.Ct. 295, 38 L.Ed. 101, and Gypsy Oil Co. v. Escoe, 275 U.S. 498, 48 S.Ct. 912, 72 L.Ed. 393. The former holds no more than that a timely motion for rehearing can properly be considered and disposed of in a new term. The latter is authority only for the proposition that if a *timely* motion for leave to file a second petition for rehearing is granted and the petition is accordingly entertained by the court, the time for application for *certiorari* begins to run from the day when the court denies the second petition. Considered in their setting then, we think that these bankruptcy cases were not intended to destroy the well established principle that a party may not avoid the effect of a mandatory rule or statute limiting the time, by filing late a motion for rehearing, even where the motion is considered on its merits. We find no case in law or equity so holding.

█ Since motions for new trials and petitions for rehearing suspend the time for appeal because they deprive the judgment of finality, Zimmern v. United States, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118, it follows that when a court loses its jurisdiction to entertain a motion for new trial or petition for rehearing, action by it cannot deprive the judgment of finality, and so cannot suspend the time for taking an appeal. Compare the bankruptcy cases in which the court had never lost its jurisdiction.

█ We think that the purpose of Rule 6 (b), which forbids the court to enlarge the time for taking any action under Rule 59, was to divest the court of jurisdiction to entertain a motion of this kind filed out of time. We said this much in Hill v. Hawes, 76 U.S.App.D.C. 308, 132 F.2d 569, 571, where it was held that the "prohibition of Rule 6 (b) * * * is absolute." Prior to the adoption of the present Rules of Procedure, Federal Courts had no power to entertain motions for new trials or petitions for rehearings after the term had expired. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129 (new trial); Lewisburg Bank v. Sheffey, 140 U.S. 445, 11 S.Ct. 755, 35 L.Ed. 493; Wayne U. Gas Co. v. Owens, supra (rehearings). Rule 6 (c) now abolishes the effect of the expiration of the term on the power of the court to act, Rule 59(b) provides a definite time within which a motion for new trial may be made, and Rule 6 (b) forbids the court to enlarge that time. If it were not thereby intended to make the running of that definite time as conclusive on the power of the court as was formerly the expiration of the term, there would be no limit on the power of the court to act and no finality when it did act. A construction which would empower the court to hear motions long out of time would destroy the Rule, for by the very act of hearing, prohibited extensions could effectively be granted. As was said in National Popsicle Corp. v. Hughes, D.C., 32 F.Supp. 397, 399: "The power of the court over its final judgments must end some time. If the period of termination is specified in the Rules of Civil Procedure, that period governs. * * * Rule 6(c) is not itself a grant of power beyond the term." See also Marshall's United States Auto Supply v. Cashman, 10 Cir., 111 F.2d 140; Abruzzino v. National Union Fire Ins. Co., D.C., 35 F.Supp. 925; Nachod & United States Signal Co. v. Auto Signal Corp., D.C., 26 F.Supp. 418; Reed v. South Atlantic S. S. Co., D.C., 2 F.R.D. 475; Moore, Federal Practice (1938) § 6.09; 17 Hughes, Federal Practice, 1940, § 19374.

██ In view of all of the above, we are of opinion that Safeway had only ten days after the judgment in which to apply for a rehearing, and that the court had no power to entertain its application after ten days had passed. No application having

been made within ten days, the judgment became final and the subsequent filing of a motion did not clothe the court with new jurisdiction nor suspend the time for taking an appeal.

Appeal dismissed.

MILLER, Associate Justice (dissenting).

In my opinion, the majority has misconceived the meaning of Rule 59, and, if its decision stands, the rule will be distorted in its application, to the serious prejudice of litigants in the Federal courts. The important question of the case is whether appellant's motion of November 17, 1941 was a motion for new trial within the meaning of Rule 59(a) (b). The majority concludes that it was, by the following process of reasoning: (1) A new trial may be granted, under the rule, for any of the reasons for which rehearings have heretofore been granted in suits in equity, under Equity Rule 69; (2) under Equity Rule 69, rehearings were granted only upon such grounds as would authorize a new trial in an action at law; (3) therefore, all petitions which are entitled *motions for rehearing* are, under the rules, *in all respects,* the same as motions for new trials.

The logical conclusion which flows from the two premises of the majority opinion is that the grounds which may properly be urged in support of petitions for rehearing and for new trial are the same. It would seem to follow that, if a motion does not purport to be for a new trial, and is based on no ground which is appropriate to such a motion, it is not in fact a motion for new trial, even though the word *rehearing* does appear in it. That is the situation of the present case.[1] The language of the New York Court in Belmont v. Erie R. Co.[2] is particularly apt in explaining it: "Some confusion has arisen, perhaps, from the use of the word 'rehearing' in the motion papers, when this matter first came before me. That term, technically speaking, was appropriate only to the proceeding in chancery by which a certain class of errors in a decree or decretal order could, before enrollment, be corrected. *But it had no application to orders made upon mere motion.* Those could not be reached by a 'rehearing', but were varied or discharged by the court, on application by motion." [Italics supplied]

I agree that it was the purpose of the rule-makers to include rehearings within the compass of Rule 59, so far as a rehearing in equity was the equivalent of a new trial. It was also, undoubtedly, their purpose to limit, severely, the time which motions for new trials may be filed. The reasons for the rule are to minimize the "monstrous penalty"[3] which results from the granting of a new trial; to avoid so far as possible the reexamination of facts once judicially determined; to save the time, trouble, and expense involved in reassembling juries, recalling witnesses, and otherwise repeating the necessarily elaborate trial process.

It would be an entirely different matter to require a person, who has never had his constitutionally guaranteed *first* trial, to conform to the severe limitations of a rule regulating *new* trials. No such requirement existed prior to adoption of the rules. An examination of the authorities reveals, clearly, that a motion for new trial is not,

---

[1] The title of the motion is: "Plaintiff's Motion for Rehearing and to Vacate Order Dismissing Complaint and To Deny Defendant's *Motions to Dismiss the Complaint.*" The body of the motion reads: "Now comes the Plaintiff, Safeway Stores, Incorporated, and moves the Court for rehearing; and moves the Court to vacate the Order dated October 17, 1941, dismissing the Complaint on motion of the defendant, Conway P. Coe, Commissioner of Patents, and to deny said defendant's Motion to Dismiss the Complaint, and to require said defendant to answer. The ground for this motion is: That dismissal of the Complaint is contrary to the subsequent holding in— Tomlinson of High Point v. Coe, Commissioner of Patents ([74 App.D.C. 364,

123 F.2d 65] decided Oct. 27, 1941). An oral hearing is requested."

[2] 52 Barb., N.Y., 637, 651.

[3] 1 Wigmore, Evidence (3d ed., 1940) § 21, p. 395: "Just as English legislators, after yielding to the twenty years' pleadings of Romilly, discovered after all that the enjoyment of the right of property in chattels could survive, without the fancied protection of the death-penalty for larceny,—so we shall some day awake to be convinced that a system of necessary rules of Evidence can exist and be obeyed, without affixing indiscriminately to every contravention of them the monstrous penalty of a new trial."; cited by Edgerton, J., dissenting in Lindsey v. United States, 77 U.S.App.D.C. 1, 133 F.2d 368, 380; Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350, 355.

and never was, intended to challenge orders which determine questions of law, preliminary to trial; such as was determined by the District Court in the present case. Blackstone defined a new trial as [4] "a rehearing of the cause before another jury; but with as little prejudice to either party, as if it had never been heard before." His discussion of the subject makes it perfectly clear that it meant to him the retrial of an issue of fact. In the case of Bright v. Eynon [5] decided in 1757, Lord Mansfield said: "Trials by jury, in civil causes, could not subsist now, without a power, somewhere, to grant new trials. If an erroneous judgment be given in point of law, there are many ways to review and set it right. Where a court judges of fact upon depositions in writing, their sentence or decree may, many ways, be reviewed and set right. But a general verdict can only be set right by a new trial: which is no more than having the cause more deliberately considered by another jury; where there is a reasonable doubt, or perhaps a certainty, that justice has not been done. * * * The reasons for granting a new trial must be collected from the whole evidence, and from the nature of the case considered under all its circumstances." In the case of Dodge v. Bell [6] the Supreme Court of Minnesota said: "The causes for a new trial specified in section 253, with

the modes for presenting the application provided in sections 254 and 255, show that the terms 'new trial', when used in the statute, mean, as at the common law, a retrial of issues of fact." In Garden City Feeder Co. v. Commissioner of Internal Revenue, the Court of Appeals for the Eighth Circuit said: [7] "At common law a new trial was a retrial in the same court on an issue or issues of fact after a verdict by a jury, and *a new trial recognizes a complete trial which for sufficient reason has been set aside,* so that the issues may be relitigated." [Italics supplied]

The new rules of federal civil procedure are based largely upon the experience of states, in which such rules as the one presently involved have been the subject of interpretation for many years. With monotonous uniformity the decisions of those states define a motion for new trial as an application for retrial of an issue or issues of fact; [8] and a new trial, itself, as a reexamination of an issue or issues of fact. [9] In the code states a new trial is frequently defined by statute as a reexamination in the same court of an issue of fact, after a verdict by a jury, report of a referee or decision by the court, or in similar terms; invariably emphasizing that it is an issue of fact which is to be retried, after a trial already had. [10] Whether the former trial was by a jury, the court, or upon the re-

---

[4] 3 Bl.Comm. 391, 392: "Nor is it granted where the scales of evidence hang nearly equal: that which leans against the former verdict ought always very strongly to preponderate." Accord: Gott v. Judge of Superior Court, 42 Mich. 625, 4 N.W. 529.

[5] 1 Burr. 390, 393, 395, 97 Eng.Rep. 365, 366, 367. See, generally, Gunn v. Union R. Co., 23 R.I. 289, 49 A. 999, 1002; Warner v. Goding, 91 Fla. 260, 107 So. 406.

[6] 37 Minn. 382, 383, 34 N.W. 739, 740.

[7] 75 F.2d 804, 805, 806.

[8] Watkins v. Sedberry, 155 Tenn. 148, 290 S.W. 970; Buchanan v. James, 134 Ga. 475, 68 S.E. 72; Schneidt v. Schneidt, 69 Ind.App. 666, 122 N.E. 588; Chivers v. Board of Com'rs, 62 Okl. 2, 161 P. 822, L.R.A.1917B, 1296; Emerson v. Eldorado Ditch Co., 18 Mont. 247, 252, 44 P. 969, 971; Gray v. Cotton, 174 Cal. 256, 258, 162 P. 1019, 1020.

[9] Humphreys v. Walton, 2 Bush 580, 65 Ky. 580; Warner v. Goding, 91 Fla. 260, 265, 107 So. 406, 408; Mobile Light & R. Co. v. Hansen, 135 Ala. 284, 33 So. 664; Zaleski v. Clark, 45 Conn. 397, 401,

404; Darling v. Atchison, T. & S. F. R. Co., 76 Kan. 893, 93 P. 612, 94 P. 202; Younger v. Moore, 8 Cal.App. 237, 241, 96 P. 1093, 1095; Mitter v. Black Diamond Coal Co., 28 Wyo. 439, 445, 206 P. 152, 154; Armstrong v. Gresham, 70 Colo. 502, 202 P. 706; Oxford v. State, 80 Okl. 103, 194 P. 101; Taylor v. Taylor, 61 Or. 257, 121 P. 431, 964; Caldwell v. Wells, 16 Idaho 459, 101 P. 812. See Brown v. Moore, 79 Me. 216, 9 A. 355; Hartman v. Rose, N.J.Sup., 20 A. 29.

[10] Ray v. Arnett, 32 Ky. Law Rep. 562, 106 S.W. 828; Riglesberger v. Bailey, 102 Ky. 608, 44 S.W. 118; Bottineau Land & Loan Co. v. Hintze, 150 Iowa 646, 125 N.W. 842; State v. Southwestern Bell Telephone Co., 115 Kan. 236, 267, 223 P. 771, 786; Pennsylvania Co. v. Potter, 108 Okl. 49, 51, 233 P. 700, 701; Howland v. Day, 125 Wash. 480, 491, 216 P. 864, 868; Tucker v. Hypotheek Min. & Mill Co., 31 Idaho 466, 173 P. 749; In re Stinger's Estate, 61 Mont. 173, 201 P. 693; "W" Sheep Co. v. Pine Dome Oil Co., 32 Wyo. 61, 66, 228 P. 799, 801; School Dist. No. 14 v. School Dist. No. 4, 64 Ark. 483, 43 S.W. 501.

port of a referee, may be immaterial; but there must have been a trial of *an issue of fact* in any event.[11] And in the absence of a trial of an issue *of fact,* the court has no power to entertain, or grant, a motion for a new trial.[12] The Supreme Court of Alabama says of a new trial: "There must have been the trial and decision of an issue of fact, and the motion must involve a reexamination of that issue after a trial and decision of it."[13] The Supreme Court of Montana, interpreting a similar rule, held:[14] "* * * the clear intendment of the statute is that the notice of motion for a new trial shall only be given after all the issues of fact necessary to a determination of the whole case upon the pleadings have been decided and determined." The Texas Court of Appeals has said of a new trial that it "contemplates that a case has been tried, a judgment rendered, and on motion therefor said judgment set aside and a new trial granted." It distinguished the situation "where, before a trial is completed and judgment rendered, the trial court concludes there is some error or irregularity that prevents a proper judgment being rendered, in which event he may declare a mistrial."[15] The same point is made by the Supreme Court of California, interpreting a similar rule in the following language:[16] "Where the motion embraces several issues, some of which are tried by the court and some by a jury, a notice of intention to move for a new trial, served and filed after the verdict on the issues submitted to the jury, but before the decision on the issues tried by the court, is premature, and gives 'to the court no power to act upon the motion which should thereafter be made under the notice.'" A motion for new trial is unauthorized where a case is tried upon an agreed statement of facts,[17] or when it is submitted on the pleadings.[18] Even issues of fact may not be the subject of a new trial, if they arise in connection with motions, such as one for stay of execution, as the only issues of fact which may be retriable are those raised by ordinary formal pleadings.[19]

Specifically, a motion for new trial cannot be used to challenge an order which determines a question of law, upon a motion made preliminary to trial.[20] It for this reason that the penetrating distinction drawn by the Kentucky Court of Appeals in Riglesberger v. Bailey[21] is peculiarly apt in the present case: "Upon a default judgment, there has manifestly been no trial, verdict, or decision, within the meaning of the foregoing provisions as to new trials; and we think, therefore, the provisions as to application within three days is inapplicable. There being no provision controlling the matter, the common-law rule must prevail, by which courts have control over their judgments during the term at which they are rendered; and consequently motions to set aside such judgments may be made at any time during such term. There would seem to be, moreover, no special reason for requiring motions of this kind to be made within three days. This court has several times said *there is good reason for requiring motions for a new trial of the verdict of a jury or trial by a court to be made speedily;* that is, the danger that the incidents of the trial may be forgotten or remembered differently. *No such reasons exist as to default judgments;* and while

---

[11] Garden City Feeder Co. v. Commissioner of Internal Rev., 8 Cir., 75 F.2d 804, 806; Buchanan v. James, 134 Ga. 475, 68 S.E. 72; Tucker v. Hypotheek Min. & Mill. Co., 31 Idaho 466, 173 P. 749; Rosner v. Cohn, 81 N.J.L. 343, 79 A. 1056; Brunnabend v. Tibbles, 76 Mont. 288, 246 P. 536; Buckhouse v. Parsons, 60 Mont. 156, 162, 198 P. 444, 445.

[12] Tucker v. Hypotheek Min. & Mill. Co., 31 Idaho 466, 173 P. 749; Rooker v. Bruce, 171 Ind. 86, 85 N.E. 351; In re Keating's Estate, 162 Cal. 406, 410, 122 P. 1079, 1081.

[13] Mobile Light & R. Co. v. Hansen, 135 Ala. 284, 33 So. 664.

[14] Calvert v. Anderson, 78 Mont. 334, 340, 254 P. 184, 186. Accord: Boardman Co. v. Board of Com'rs, 70 Okl. 245, 174 P. 272, overruled by Chicago, R. I. & P. R. Co. v. Reynolds, 157 Okl. 268, 12 P.2d 208, 212, 89 A.L.R. 5, but on another point.

[15] Cortimeglia v. Herron, Tex.Civ.App., 281 S.W. 305, 306.

[16] Barnes v. Foley, 189 Cal. 226, 207 P. 885.

[17] Durant v. Nesbit, 59 Okl. 11, 157 P. 353; Monteverde v. Superior Court, 60 Cal.App. 252, 257, 212 P. 690, 692.

[18] Abbey Land & Improvement Co. v. San Mateo County, 167 Cal. 434, 139 P. 1068, 52 L.R.A.,N.S., 408, Ann.Cas.1915C, 804.

[19] Gray v. Cotton, 174 Cal. 256, 162 P. 1019; Gormally v. Simon, 42 Mont. 219, 111 P. 1033.

[20] Younger v. Moore, 8 Cal.App. 237, 241, 96 P. 1093, 1095.

[21] 102 Ky. 608, 44 S.W. 118.

a contrary view seems to have been taken in Harris v. Ray, 1855, 15 B.Mon. [Ky.] 628, we are not disposed to follow it, and extend the application of technical rules when not required to apply them either by the letter or the reason of the law. The case cited has long ceased to be generally followed, and is overruled." [Italics supplied] The same results follow, and a motion for new trial is improper, whether the order challenged is for the entry of a default [22] or for its vacation.[23] In neither case is an issue of fact tried; hence, there is no basis upon which a new trial could be had.

Questions as to the sufficiency of pleadings,[24] and as to the jurisdiction of the court, cannot be raised by motions for new trial.[25] Hence, a motion for new trial, challenging the court's order sustaining or overruling a demurrer, is a nullity.[26] The order of a court denying a motion to dis-

solve a temporary injunction cannot be made the subject of a motion for a new trial;[27] nor can the dismissal of a plea.[28] It has been held in some states that, as a motion for a nonsuit admits every material fact which the evidence tends to prove, it presents only a question of law; and that if it is granted and a judgment of dismissal entered, thus terminating the case before a verdict or decision upon the issues of fact, a motion for new trial is not the proper way of testing the correctness of the ruling.[29] An order reinstating a cause for trial, following a voluntary nonsuit, is not an order for new trial, because there has been no previous examination of an issue of fact.[30]

The only questions of law which may be presented by motion for new trial are those which arise upon the pleadings,[31] during the trial of issues of fact.[32] Hence, even a motion for rehearing of an order which

[22] Mitter v. Black Diamond Coal Co., 28 Wyo. 439, 445, 206 P. 152, 154; Ervin School Tp. v. Tapp, 121 Ind. 463, 23 N. E. 505; State v. District Court, 49 Mont. 595, 144 P. 159, 161; Price & Miller v. Ratcliffe, 47 Okl. 370, 148 P. 153; Adams & Adams v. Howard, 14 Vt. 158.

[23] Taylor v. Taylor, 61 Or. 257, 121 P. 431, 964; Crossland v. Admire, 118 Mo. 87, 24 S.W. 154.

[24] Pearl v. Rawdin, 5 Day, Conn., 244, 250; Harbin v. Hunt, 151 Ga. 60, 105 S.E. 842; Simpson v. Wicker, 120 Ga. 418, 47 S.E. 965, 1 Ann.Cas. 542 (failure to attach a bill of particulars); Mann v. Barkley, 21 Ind.App. 152, 51 N.E. 946; Gravelle v. Minneapolis & St. L. R. Co., C.C., 11 F. 569, 571; Johnson v. Shuford, 91 Conn. 1, 98 A. 333; Baldwin v. O'Brian, 1 N.J.L. 418, 1 Am. Dec. 208; Goslin v. Wilcock, K.B., 2 Wils. 303, 95 Eng.Rep. 824; Lupton v. Coffel, 47 Ind.App. 446, 94 N.E. 799; Knickerbocker Ice Co. v. Gray, 165 Ind. 140, 72 N.E. 869, 6 Ann.Cas. 607; Haugh v. Haywood, 69 Ind.App. 286, 121 N.E. 671.

[25] State v. Cady, 47 Conn. 44; Houssels v. Coe & Hampton, Tex.Civ.App., 159 S.W. 864, 866. Cf. Alden v. Superior Court, 186 Cal. 309, 315, 199 P. 29, 32 (where the question of jurisdiction required the trial of an issue of fact).

[26] Schneidt v. Schneidt, 69 Ind.App. 666, 122 N.E. 588; Chivers v. Board of Com'rs, 62 Okl. 2, 161 P. 822; Vickers v. Robinson, 157 Ga. 731, 122 S.E. 405; Perry v. Acree, 165 Ga. 446, 141 S.E. 212; Jenness v. Co-Operative Publishing Co., 36 Idaho 697, 213 P. 351.

[27] Anderson v. Englehart, 18 Wyo. 196, 105 P. 571, Ann.Cas.1912C, 894.

[28] Butler v. Georgia Agricultural Credit Corporation, 37 Ga.App. 390, 140 S.E. 426.

[29] Buchanan v. James, Com'r, 134 Ga. 475, 68 S.E. 72; Tucker v. Hypotheek Min. & Mill. Co., 31 Idaho 466, 173 P. 749; Carscallen v. Lakeside Highway Dist., 44 Idaho 724, 260 P. 162; Murad v. New York, N. H. & H. R. Co., 34 R. I. 312, 83 A. 436; Deyo v. Hudson, 226 N.Y. 685, 123 N.E. 851. Contra: In re Stinger's Estate, 61 Mont. 173, 182, 201 P. 693, 696.

[30] First Christian Church v. Robb, 69 Or. 283, 138 P. 856.

[31] Oxford v. State, 80 Okl. 103, 194 P. 101; State v. Kelly, 57 Mont. 123, 187 P. 637; Ashton v. Thompson, 28 Minn. 330, 336, 9 N.W. 876, 878.

[32] Glendenning v. Slayton, 55 Mont. 586, 179 P. 817; Buettinger v. Hurley, 34 Kan. 585, 9 P. 197; In re Stinger's Estate, 61 Mont. 173, 182, 201 P. 693, 696; Alden v. Superior Court, 186 Cal. 309, 199 P. 29, 32: "* * * motions for new trial do not lie from rulings of the courts on questions of fact collaterally raised, and which do not call for formal trial, and where no provision is made for framing issues under the proceedings, such as proceedings supported by affidavits, applications to set apart exempt property, family allowances, and proceedings of similar character." See, Mann v. Barkley, 21 Ind.App. 152, 51 N.E. 946; Linden v. Green, 81 Iowa 365, 46 N.W. 1108.

*follows* à trial is not necessarily the equivalent of a motion for new trial. Suppose, for example, that a trial court grants a motion for a new trial. Opposing counsel then petitions for a rehearing upon the court's action in granting it. Would anyone seriously contend that the petition is *in all respects the same as a motion for a new trial?* What is sought in such a case is the exact opposite of a new trial; its purpose is to *prevent* a new trial and to reinstate the verdict. But, presumably, the theory of the majority opinion would require the conclusion that such a motion is one for a new trial.

It has been held that the order of a court denying a motion to set aside a judgment is not the subject of a motion for new trial.[33] The Supreme Court of Colorado has said: "The motion for judgment notwithstanding the verdict raises no question of fact, but of law only; consequently a motion for a new trial has no application to a ruling upon such motion." [34] The hearing of a motion to correct the record of a judgment is not a trial and provides no basis for a motion for new trial; [35] nor does an exception to the form or sufficiency of a decree.[36]

In the code states where the procedures of law and equity have been integrated, as in the new federal rules, the conditions which surround the use of motions for new trials are the same in both types of cases.[37] That is the reason why the code definitions of new trial speak in terms of retrial of issues of fact, following either the verdict of a jury or determination of such issues of fact by the judge, himself, or upon the report of a referee or master. Many of the opinions heretofore cited in this opinion decided cases which, under the older forms of practice, would have been in equity.

Approaching the problem from another angle, we get the same result, contrary to that reached by the majority opinion. A "rehearing," when used in the sense of a new trial, is defined by the authorities as a *second hearing* of the *cause* involved in a decree or order entered by an equity court on the former hearing.[38] In states upon whose experience the federal civil procedure rules are based, *rehearing,* when used in the sense of a new trial, has been defined as a reopening of the case for a redetermination of basic facts; [39] with notice to the parties, and an opportunity for them to be heard.[40] In this sense, only, is it

---

[33] Continental Gin Co. v. Arnold, 66 Okl. 132, 138, 167 P. 613, 618, L.R.A. 1918B, 511.

[34] Armstrong v. Gresham, 70 Colo. 502, 202 P. 706; Fincher v. Edwin M. Bosworth & Co., 76 Colo. 69, 230 P. 596.

[35] Citizens' Trust Co. v. Wheeling Can Co., 199 Ind. 311, 157 N.E. 441.

[36] Vickers v. Robinson, 157 Ga. 731, 122 S.E. 405.

[37] School Dist. No. 14 v. School Dist. No. 4, 64 Ark. 483, 43 S.W. 501; State v. Templeton, 21 N.D. 470, 130 N.W. 1009.

[38] 3 Bl.Comm. 453, 454: "When all issues are tried and settled, and all references to the master ended, the cause is again brought to hearing upon the matters of equity reserved; and a final decree is made: the performance of which is enforced (if necessary) by commitment of the person, or sequestration of the person's estate. * * * And if, by this decree, either party thinks himself aggrieved, he may petition the chancellor for a *rehearing;* whether it was heard before his lordship, or any of the judges, sitting for him, or before the master of the rolls. For whoever may have heard the cause, it is the chancellor's decree, and must be signed by him before it is enrolled; which is done of course, unless a rehearing be desired.

Every petition for a rehearing must be signed by two counsel of character, usually such as have been concerned in the cause, certifying that they apprehend the cause is proper to be reheard. And upon the rehearing, all the evidence taken in the cause, whether read before or not, is now admitted to be read; because it is the decree of the chancellor himself, who only now sits to hear reasons why it should not be enrolled and perfected; at which time all omissions of either evidence or argument may be supplied. But, after the decree is once signed and enrolled, it cannot be reheard or rectified but by bill of review, or by appeal to the house of lords." Emerson v. Davies, 8 Fed.Cas. page 626, No.4,437; Belmont v. Erie R. Co., 52 Barb., N. Y., 637, 651; Reed v. Patterson, 44 N.J.Eq. 211, 14 A. 490, 494, 6 Am.St.Rep. 877: "A rehearing, strictly speaking, is simply a new hearing and a new consideration of the case by the court in which the suit was originally heard, and upon the pleadings and depositions already in the case."

[39] McLean v. Eaton Mfg. Co., 286 Mich. 285, 294, 282 N.W. 150, 154.

[40] Yee v. State Board of Equalization, 16 Cal.App.2d 417, 418, 419, 60 P.2d 322, 323.

properly regarded as synonymous with new trial.[41] The vital distinction was clearly made by the Supreme Court of Michigan in the McLean case;[42] "Appellant contends that the Department had no power to amend its original order, since this was, in effect, equivalent to the granting of a rehearing. Guss v. Ford Motor Co., 275 Mich. 30, 265 N.W. 515. The rule of the Guss case, precluding the granting of rehearings, does not mean that the Department may not correct a mistake in its original order. *A rehearing involves a reopening of the case for a redetermination of basic facts.*" [Italics supplied.]

The connotation which should be given to the word rehearing, as it was used by appellant in the present case, is much more nearly that which is given to the word when used in seeking reconsideration, by an appellate court, of its own decision, upon questions of law; namely, "an appeal from this court to itself."[43] The Supreme Court has defined it as follows: "Ordinarily, a petition for rehearing is for the purpose of directing attention to matters said to have been overlooked or mistakenly conceived in the original decision, and thus *invites a reconsideration upon the record upon which that decision rested.*"[44] [Italics supplied] The purpose of such a petition is to give the court an opportunity to correct its own errors. A trial court needs that opportunity, and is entitled to the privilege, just as much as an appellate court. No monstrous penalty of a new trial is necessary to achieve this end. We should encourage rather than discourage, openminded review of such petitions, and prompt action thereon.

When used in this sense, a petition for rehearing resembles, also, a bill of review, when such a bill is used for the limited purpose of securing reexamination of questions of law, on the theory that there is error apparent upon the face of the record.[45] As we pointed out in Fraser v. Doing,[46] it was the intention of the rule-makers to preserve the remedy formerly available by bill of review; that the purpose of the bill of review "is to permit the same court to examine its earlier record, and to answer the challenge made to its accuracy;" but that a bill of review is not available until the time for a motion for new trial has passed. What possible purpose could be served by including within the scope of a motion for new trial all requests for reconsideration, by the trial court, of its rulings upon preliminary questions of law, when, by waiting until the time for requesting a new trial has passed, a litigant can raise the same questions by bill of review. Such an interpretation of Rule 59 would result in serious prejudice to litigants, in the early stages of litigation, and an undesirable stimulation of the filing of bills of review.

The majority's interpretation of Equity Rule 69 violates, also, it seems to me, the spirit of the other equity rules. Thus, Rule 72 provided, generally, for the correction, not only of clerical mistakes in decrees or decretal orders, but of errors arising from accidental slip or omission, "upon petition, *without the form or expense of a rehearing.*" [Italics supplied] This provision is carried over into the new rules, in Rule 60 (a). It is made applicable to "judgments, orders, *or other parts of the record* and errors *therein* arising from oversight or omission," upon the initiative of the court, *"or on the motion of any party."* [Italics supplied] Several of the equity rules provided expressly for corrective action, as applied to preliminary rulings. Rule 5 provided for the suspension, alteration, or rescinding by the judge, upon special cause shown, of actions by the clerk in issuing process, taking bills *pro confesso,* and otherwise. Rule 17 provided for the setting aside of orders *pro confesso,* or enlarging the time for filing answer; upon cause shown, upon motion and affidavit. Rule 29 abolished demurrers and pleas, and provided: "Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and *may be separately heard and disposed of before the trial of the principal case* in the discretion of the court." [Italics supplied] That was exact-

---

[41] Lewis v. Martin, 210 Ala. 401, 411, 412, 98 So. 635, 644, 645; Kimple v. Conway, 69 Cal. 71, 72, 10 P. 189, 190; Wright v. Dorman, 155 Tenn. 189, 194, 195, 291 S.W. 1064, 1065.

[42] McLean v. Eaton Mfg. Co., 286 Mich. 285, 294, 282 N.W. 150, 154.

[43] Teeter v. Southern Express Co., 172 N.C. 620, 90 S.E. 927.

[44] Atchison, Topeka & Sante Fe R. Co. v. United States, 284 U.S. 248, 259, 52 S.Ct. 146, 149, 76 L.Ed. 273.

[45] Fraser v. Doing, 76 U.S.App.D.C. 111, 114, 130 F.2d 617, 620.

[46] 76 U.S.App.D.C. 111, 114, 116, 117, 130 F.2d 617, 620, 622, 623.

ly the situation of the present case; the *principal case* never came to *trial:* the situation was not one appropriate for rehearing in the sense of a new trial. Instead, it was one appropriate for application of Rule 19, which provided, generally, that process, proceedings, pleadings, or record might be amended by permission of the court and that: "The court, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Misnaming appellant's motion to vacate, by calling it a petition for rehearing, certainly did not constitute an error which affected the substantial rights of the parties. In short, there was nothing in any of the equity rules to suggest that a rehearing—in the sense of a new trial—was either necessary or proper, to secure reexamination by the court of a ruling upon a question of law, preliminary to trial.

Finally, although the original order of the District Court was final in the sense that it was appealable, it was not final in the sense that it disposed of the case on the merits. The authorities cited herein demonstrate that a new trial necessarily assumes an adjudication on the merits; and that a motion for a new trial is improper in any other event. Not only is this true, but Rule 41(b) of the new rules of civil procedure [47] expressly provides that a dismissal for lack of jurisdiction does not operate as an adjudication upon the merits. The dismissal in the present case was for lack of jurisdiction because of defect of parties. The grounds of both motions to dismiss were clearly so specified, and the order of dismissal in each case was based expressly upon the motion.

Generally speaking, it may be said that the new rules evidence no intention of penalizing litigants because of such informalities in their pleadings, as appeared in appellant's motion in the present case. Instead, it is their clear purpose "to secure the just, speedy, and inexpensive determination of every action;" [48] to avoid the old conception of procedural rules "as ends in themselves upon whose rigid altar has ultimate justice been sacrificed." [49]

---

[47] Fed.Rules Civ.Proc., Rule 41(b): "*Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction* or for improper venue, *operates as an adjudication upon the merits.*" [Italics supplied]

[48] Fed.Rules Civ.Proc. See also Address of Chief Justice Hughes, 21 A.B. A.J. 340, 341: "It is manifest that the goal we seek is a simplified practice which will strip procedure of unnecessary forms, technicalities and distinctions, and permit the advance of causes to the decision of their merits with a minimum of procedural encumbrances."

[49] Laverett v. Continental Briar Pipe Co., D.C.E.D.N.Y., 25 F.Supp. 80, 81.