**FLEMING et al. v. GINSBERG and three other cases.**

Nos. 12061–12064.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1947.

William P. Fonville, Asst. U. S. Atty., of Dallas, Tex. for appellants.

Henry Klepak, of Dallas, Tex., for appellee Ginsberg.

No appearance for appellee Cohen.

Howard Barker, of Dallas, Tex., for appellees Woods and Yates.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

These four appeals, though separately taken in separate and independent suits, present the same question for decision. Each is from orders entered about the same time in the same court. One of the orders dismissed plaintiff's suit. The other, entered on plaintiff's motion, vacated the order of dismissal and reinstated the suit. In each case the order of dismissal was based on the ground that the plaintiff, Philip B. Fleming, Administrator, Office of Temporary Controls, was without authority to bring the suit. In each case, after the Supreme Court had, in Fleming v. Mohawk Wrecking & Lbr. Co., 331 U.S. 111, 67 S. Ct. 1129, determined that Fleming had the authority to sue, the district judge on motion entered an order vacating his order of dismissal and reinstating the cause. Thereafter, in each case, the district judge, on the ground that the motion to vacate and reinstate had been filed in the cause more than ten days after entry of the order of dismissal, of his own motion, set aside and vacated his order vacating the order of dismissal and reinstating the case. In each case plaintiff and the United States appealed both from the order of dismissal and from the order vacating the order of reinstatement.

Here appellants have moved in each appeal for a summary reversal on the ground that the sole question for decision in the cause, the right of the plaintiff and of the United States to maintain the suit, has already been decided in the Supreme Court in their favor.

Appellees in the Ginsberg and Cohen cases, in their reply to the motions for summary reversal, admit: "Appellants' motion correctly sets out the nature of the pending action and correctly reflects the proceedings in the Trial Court had both prior to and after the rendition of the opinions

and decisions in the cases of Philip B. Fleming v. Mohawk Lumber Company and James G. Raley v. Philip B. Fleming [supra], by the Supreme Court of the United States". They urge the denial of the motions, however, on the ground that they are an attempt to deprive them of their day in court.

 We see no merit in appellees' objections to the consideration at this time of appellants' motions to dismiss. If, as appellees concede, the facts and law are correctly stated in appellants' motions for reversal, it would be an imposition on appellants, on appellees, and on the court, indeed it would be an act of folly, to incur the expense and trouble of printing the records and setting the causes for submission. If, therefore, the appeals are correctly lodged here and we have jurisdiction to consider them, it is plain that the orders appealed from should be reversed and the causes remanded.

Appellees in the Yates and Woods cases, in no manner contesting the reversal motions on the merits, reply to them by moving to dismiss the appeals on the ground that the motions to reinstate the causes having been filed after ten days had elapsed, the district court had no jurisdiction to vacate the orders of dismissal and reinstate the causes, and the appeals should, therefore, be dismissed. In support of their motions, these appellees cite Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782 and Jusino v. Morales & Tio, 1 Cir., 139 F.2d 946.

We need not for the purpose of their motions to dismiss the appeals determine whether these cases were correctly decided. We may assume that they were. They are not, however, at all in point on the situation here.

There the appeals had been taken more than three months after the entry of the orders of dismissal, and what was decided there was: that the filing more than ten days after the dismissal order of a motion to vacate had not prevented the appeal time from running; and that an appeal filed more than three months after the order of dismissal but less than three months after

the order denying the motion to reinstate was not filed in time.

Here, the appeals were taken both from the orders of dismissal and from the orders vacating the order of reinstatement, and as to each order the appeal was filed within the appeal time. The motions to dismiss the appeals are then without merit, and they are denied. The motions for summary reversal are granted. The orders appealed from in each case are reversed and the cause is remanded with directions to reinstate it on the docket and proceed with its trial and disposition.